JAMES G. BREWER, PLAINTIFF IN ERROR, V. THE BOARD
OF CO. COMMISSIONERS OF MERRICK COUNTY, DE-
FENDANT IN ERROR.

1. **Mortgage to secure payment of county bonds.** Where
a party has executed a mortgage of real property to secure the
repayment to the county of the amount of certain coupon
bonds, voted by the electors of the county, and issued by
the county commissioners, and delivered to such person to aid
him in building a water grist mill, an action will not lie in
equity to remove said mortgage, as a cloud on the title of the
plaintiff to such real property, without first paying off such
mortgage, according to the terms thereof, or returning to said
county the value of such coupon bonds.

2. **A petition** in an action in the nature of an action *quia timet* to
remove a cloud from the title of land, which fails to contain an
allegation that the plaintiff owns, or claims such land, or has
title thereto, is demurrable.

ERROR to the district court for Merrick county. Heard
below before POST, J.

*Webster & Sparks,* for plaintiff in error, cited *Thompson
v. Lee County,* 3 Wall., 330. *Ind., N. & S. R. R. Co. v.
City of Attica,* 56 Ind., 476. *Middleport v. Ætna Life
Ins. Co.,* 82 Ill., 562. *Hamlin v. Meadville,* 6 Neb., 227.
*Stewart v. Otoe County,* 2 Neb., 177.

*A. Ewing,* for defendant in error.

COBB, J.

This action was brought in the district court for Merrick
county, for the purpose of setting aside, having declared
null and void, and removing as a cloud upon the title of
plaintiff's lands, a certain mortgage executed by plaintiff
and wife to the treasurer of Merrick county, upon certain
lands of the plaintiff, situated in said county. The pur-

pose and object of the said mortgage will be gathered from the defeasance clause thereof, which I copy as follows, to-wit: "*Provided, however*, and this conveyance is made to, and the title to said property is to be held by, the said treasurer of Merrick county, his successors or assigns, in trust and upon the conditions and for the purposes hereinafter stated, to-wit: Whereas, in pursuance of a majority vote of the electors of said Merrick county, at a special election held for that purpose in said county, on the 9th day of January, A.D. 1872, the county commissioners of said Merrick county did, on the 1st day of February A.D. 1872, execute and issue certain bonds of said Merrick county, known and designated as the Merrick County Mill Bonds, dated the 1st day of February, A.D. 1872, each for the sum of one hundred dollars, payable at the office of the county treasurer in and for said Merrick county, amounting in all to the sum of six thousand dollars, bearing interest at the rate of ten per cent per annum, payable semi-annually on the first days of August and February in each year, at the National Park Bank in the city of New York; which said bonds were authorized and issued, and are to be loaned to the said James G. Brewer for the purpose of aiding said James G. Brewer in building a public grist mill and water power in said Merrick county, on section thirty-one in township thirteen north, range six west. Two thousand dollars of said bonds to be delivered to said Brewer, at the date and on the execution and delivery of this instrument; two thousand dollars of said bonds to be delivered to said Brewer at the expiration of of three months from the date hereof, in case said work shall have progressed satisfactorily to the county commissioners of said Merrick county; and the balance of two thousand dollars of said bonds to be delivered to said Brewer, at the expiration of six months from the date hereof, or when said mill and water power shall have been completed to the satisfaction of said county commissioners; said county of Merrick to

provide and pay all semi-annual installments of interest on said bonds. Now therefore, if the said James G. Brewer, his heirs or assigns, shall pay or cause to be paid to the trearurer of said Merrick county, his successors or assigns, to and for the use of said county, on or before the first day of February, A.D. 1882, the full amount of all of said bonds, which shall have been received by said Brewer, his heirs or assigns, and a written receipt therefor, endorsed on this instrument, together with interest thereon, at the rate of ten per cent per annum from date, until paid, then and in such case this instrument to become null and void; otherwise, to be and remain in full force and effect."

The plaintiff in his petition alleged that "the sole and only consideration for which the said mortgage deed was executed and deliverd, was for the coupon bonds of said Merrick county to the amount of six thousand dollars (as described in said mortgage copied above). That said bonds were voted and issued to aid in a work of internal improvement in said Merrick county, to-wit: A water flouring grist mill and water power on the Platte river, near the then village of Lone Tree, now Central City. That the plaintiff expended the whole amount of the money realized from the sale of said bonds, by the direction and under the supervision of the said board of county commissioners of said Merrick county, in and about said work of internal improvement. Then follows a description of the mortgaged premises and prayer for judgment.

A general demurrer to the plaintiff's petition was substained, and a judgment of dismissal and for costs, rendered for the defendant. The plaintiff brings the cause to this court on error.

Whatever may be the law as to the power of the county commissioners to accept an indemnity to the county from the recipient of bonds, voted to aid a work of internal improvement, or whether such indemnity being in the form of a mortgage on real estate, such mortgage could be fore-

closed and such real estate sold, it is unnecessary—nay, improper—to consider in this case. The question is, has the plaintiff suffered any loss which ought to be restored to him, or is any wrong threatened his estate which equity ought to step in and prevent? Nothing of the kind is disclosed by the petition. Whether the county commissioners had the power to accept plaintiff's mortgage or not, he certainly had the power to make and deliver it, which he has done, and received the consideration for it. It is not alleged in the petition that in this transactian, there was either fraud, accident, or mistake. There certainly could be no fraud on the part of the county commissioners, or the people whom they represent of which the plaintiff can complain in giving him the six thousand dollars in coupon bonds, nor does he allege that he gave this mortgage to secure the return of the money in ten years, through accident or mistake; but on the contrary it appears that it was all done in strict conformity with an agreement between the plaintiff and the authorities and people of Merrick county. It may be possible that the plaintiff having received the consideration for that agreement and enjoyed it for ten years or more, can now repudiate it. I do not decide that question; but I do say that he cannot do it by means of a suit commenced by him in a court of equity. So far at least as equity is concerned he must comply with his part of the agreement, or restore the consideration which he received for this mortgage, before he can successfully set the machinery of the courts in motion for its cancellation.

As a mere matter of pleading the plaintiff's petition is insufficient; he nowhere alleges himself to be the owner of the lands from the title of which he seeks to remove the cloud of the mortgage, nor does he state directly that he possesses or claims any title to them whatever. While we have heretofore held that it was not necessary to the maintenance of this action that the plaintiff should allege or prove a fee simple title in the premises, yet of whatever

character his title is, he should plead it in issuable form. *McDonald v. Early, ante* p. 63.

The demurrer was therefore properly sustained and the judgment of the district court is affirmed.   By the court,

JUDGMENT AFFIRMED.