$3\,5^{\sim}\cdot\;2\,/\,7$

22 493
47 800

CHRIS WALGAMOOD, PLAINTIFF IN ERROR, V. ELLA RANDOLPH, DEFENDANT IN ERROR.

1. **Negotiable Instruments**: ACTION: PARTNERSHIP. Where a promissory note payable to order is endorsed by the payee and transferred to two persons, who bring an action thereon as "H. & A. F. Randolph, partners, etc.," *Held*, 1st. That the testimony tended to sustain the allegation of partnership. 2d. That H. & A. F. Randolph being the lawful holders of the note, if not partners, could in their individual names maintain an action thereon as "H. & A. F. Randolph."

2. **Pleading**: PARTIES: NAMES. Where an action is brought by parties by the initials of their Christian names instead of the names, the remedy of the adverse party is by motion to require the full Christian names to be set out in the pleading, and unless such objection is made it will be waived.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*John Barsby* and *J. W. Eller*, for plaintiff in error.

*G. D. Mathewson*, for defendant in error.

MAXWELL, CH. J.

This action was brought by H. & A. F. Randolph, before a justice of the peace in Fillmore county, on a promissory note, of which the following is a copy:

"No. 478      533 FAIRMONT, Fillmore Co., Neb.,
July 17, 1876.

"On or before the first day of October, 1878, I promise to pay Palmer Stewart & Co., or order, one hundred dollars, payable at Fairmont, Neb., for value received, with interest at the rate of ten per cent per annum from date.

\*      \*      \*      \*      \*      \*      \*      \*

"CHRIS WALGAMOOD."

A contract is attached to said note that is not involved in this case and need not be set out. Walgamood filed a motion before the justice to dismiss the action : 1st, because no legal service of summons had been made on him ; 2d, that no legal summons had issued in said cause; which motion the justice sustained, and dismissed the action at the cost of plaintiff below. The case was taken on error to the district court, where the judgment of the justice was reversed and the case retained for trial. After the reversal of the judgment, and while the cause was pending for trial in the district court, a motion was filed to substitute. Ella Randolph in place of H. & A. F. Randolph as plaintiff. An order of substitution was made by consent of parties, and on the trial of the cause a verdict was returned in favor of Ella Randolph for the sum of one hundred ninety-eight and $\frac{56}{100}$ dollars, upon which judgment was rendered.

The only defense to the action was, that H. & A. F. Randolph having brought the action as partners the testimony failed to establish the partnership. It is sufficient to say that there is some testimony tending to show such partnership and none whatever tending to disprove that fact. The jury, therefore, were warranted in finding, as they seem to have done, that such partnership existed.

But if there had been a failure to prove that H. & A. F. Randolph were partners, it would not be fatal to a recovery, the action being brought in their individual names. It is true that their Christian names are not given, but merely initials thereof, and while the defendant below, by motion, might have required the plaintiffs below to amend the petition by setting out their Christian names, the failure to do so will be held to be a waiver of that right.

These parties were, so far as appears, the lawful holders of the note. It had been endorsed by the payee and was thereafter transferable by delivery; and a judgment on the note in favor of such parties would protect the defendant below, upon paying the same, from further liability on

the note; therefore he could not be injured by such judgment, and the transfer having been made to Ella Randolph before judgment was rendered, she is entitled to recover. No valid defense has been shown to the action, and the judgment is clearly right and it is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.