## O. R. OAKLEY v. G. H. PEGLER.

[FILED OCTOBER 28, 1890.]

1. **Names:** INITIALS INSTEAD OF: PLEADING. At common law a declaration describing a party by the initials of his Christian name is not sufficient on special demurrer. It should appear, however, that the initial used is not the Christian name.

2. ——: ——: JUDGMENT. Where a party whose Christian name was Oscar R. was in the habit of signing checks and doing business at banks and at other places by the initials of his Christian name, these initials will be treated as his business name, and a judgment recovered against him by that name is not subject to collateral attack.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*J. B. Archibald,* for plaintiff in error, cited on the question as to the name: *Scott v. Ely,* 4 Wend. [N. Y.], 555; *Miller v. Foley,* 28 Barb. [N. Y.], 630, and cases; *Mead v. Haws,* 7 Cow. [N. Y.], 332; *Griswald v. Sedgwick,* 6 Id., 456; *Gurnsey v. Lovell,* 9 Wend. [N. Y.], 319; *Farnham v. Hildreth,* 32 Barb. [N. Y.], 277; *People v. Ferguson,* 8 Cow. [N. Y.], 102; *People v. Smith,* 45 N. Y., 772, 784; *Waterbury v. Mather,* 16 Wend. [N. Y.], 613; *Crandall v. Beach,* 7 How. Prac. [N. Y.], 271; *Osborn v. McCloskey,* 55 Id., 345; *Hancock v. Bank,* 93 N. Y., 85; *Frank v. Levi,* 5 Rob. [N. Y.], 599; *Bank v. Magee,* 20 N. Y., 363; *Gardner v. Kraft,* 52 How. Pr. [N. Y.], 499.

*Harwood, Ames & Kelly, contra,* cited on the same question: *Eggleston v. Son,* 5 Rob. [N. Y.], 640; *Cooper v. Burr,* 45 Barb. [N. Y.], 9; *England v. N. Y. Pub. Co.,* 8 Daly [N. Y.], 375; *Linton v. First Nat'l Bk.,* 10 Fed. Rep., 897; *Pancho v. Texas,* 8 S. W. Rep., 476.

MAXWELL, J.

This action was brought in the district court of Lancaster county on a judgment recovered in the state of New York by Pegler against O. R. Oakley.

The answer of the defendant is as follows:

"First answer to the plaintiff's petition says, that his true name is Oscar R. Oakley, and not O. R. Oakley, as set forth in said action, petition, and proceedings.

"Second—That he has no knowledge whether the above named George H. Pegler obtained the pretended judgment mentioned in said petition, or that the same is a true copy of a pretended judgment obtained against one O. R. Oakley in the supreme court of the state of New York, therefore he denies the same.

"Third—That at the time said pretended judgment was claimed to have been obtained, this defendant Oscar R.

Oakley was and still is a resident of the state of Nebraska and not a resident of the state of New York, and this defendant did not appear in said pretended action, either personally or by an attorney or otherwise, and said action was not commenced nor judgment obtained in due form of law in such case made and provided, and that said pretended copy is not a copy of the judgment and judgment roll in said action.

"Fourth—That the said pretended judgment is based upon a fraudulent claim as against this defendant; that this defendant denies that he is or was indebted to said plaintiff in any sum whatsoever, and that said pretended claim is a fraud in each and all respects as against this defendant; that said plaintiff is a non-resident of the state of Nebraska and resides in the county of Chautauqua, state of New York."

On the trial of the cause judgment was rendered in favor of Pegler. It appears from the transcript before us that the action was brought in Chautauqua county, New York; that service of summons was made upon Oakley in that county, the return being as follows:

"STATE OF NEW YORK, ⎫ ss.
COUNTY OF CHAUTAUQUA. ⎬

"I certify that I served the summons and complaint hereto annexed upon O. R. Oakley, the defendant therein named, on the 23d day of March, 1887, at the town of Dunkirk, Chautauqua county, New York, by delivering to and leaving with him personally a copy thereof, at that time and place.

"C. H. LAKE, *Sheriff.*
"By S. M. MATTISON, *Deputy.*
"Fees, $4.13."

Oakley made default and judgment was rendered against him.

It is apparent that that court had jurisdiction of the person and also of the subject-matter of the action, and

any errors which may have been committed by it cannot be corrected in this action. The principal error relied upon is that the plaintiff in error was sued by the initial letters of his Christian name and not by his surname.

Mr. Oakley was called as a witness on the trial of the case and testified as follows:

Q. Will you give your full Christian, baptismal name and surname?

A. Oscar Rodman Oakley.

Q. This is the name by which you go and the name by which you are known?

A. It is.

Q. What is your business?

A. Dry goods business.

Q. Where do you reside?

A. Lincoln, Nebraska.

Q. How long have you resided in Lincoln, Nebraska?

A. Since September 1, 1886.

Q. Did you move out here then with your family?

A. I moved my family about that time—August or September—I don't remember.

Q. In September, 1886, were you in any manner or form indebted to this plaintiff?

*       *       *       *       *       *       *       *

Cross-examination:

Q. What do you say your name is?

A. Oscar Rodman Oakley is my name.

Q. By what name were you known in the business world?

A. Well, a business man often uses his initials, and I very frequently do that of course.

Q. Is it not a fact you use your initials almost entirely?

A. I use my initials in signing checks, I don't know as I do entirely, but I do sometimes.

Q. Is it not a fact that your business signature to your checks is in the form of O. R. Oakley?

A. They are?

Q. I will ask you if it is not a fact that the signature you leave at bank, prepared for that purpose—the bank at which you do business—at the First National Bank, is not O. R. Oakley?

A. Yes, all business men use their initials.

It will be seen from his own testimony that his habit has been and is when signing checks, doing business at banks and other places, to use the initial letters of his Christian name. At common law a declaration describing a party by the initial of his Christian name is bad on special demurrer. (*Turner v. Fitt*, 3 M., G. & S., 701; Bliss on Code Pleading, sec. 146*a*.) It should be made to appear, however, that the letter used is but an initial and not the true name. (*Tweedy v. Jarvis*, 27 Conn., 42.)

Whether an apparently initial letter will be treated as a name must depend upon the manner in which the question is raised.

In the absence of a motion to the contrary, or a pleading calling attention to the fact that it is not the name of the party, the court will be warranted in treating it as his name. If the defendant objects on the ground of misnomer, he must give his true name. (Bliss on Code Pleading, sec. 146*a*.) A judgment against a party sued by the initials of his Christian name is not void. At the most it is voidable for error of the court in the proceedings. Where, before judgment, the attention of the trial court is called to the fact that the defendant has been sued by the initials of his Christian name, the court may permit an amendment *instanter* by inserting the full Christian name. If no objection is made on that ground, the defendant will be concluded by the judgment.

In the case at bar the plaintiff in error did business as O. R. Oakley, and although his Christian name is Oscar R. Oakley, the name by which he does business in signing checks and at the banks and at other places is O. R.

Oakley. This may be called his business name, and a judgment recovered against him by that name cannot be attacked collaterally.

There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.