## Henry Larimer v. Abslam Wallace.

### Filed March 29, 1893.   No. 4770.

1. **Guardian's Sale of Real Estate :** Notice: Proof: Collat-
   eral Attack.   In a collateral attack on a guardian's sale of
   real estate, where all the steps required have been taken, a sale
   made and confirmed, and a deed made to the purchaser, the sale
   will be sustained if the court had jurisdiction, although there
   may be irregularities which in a direct proceeding would render
   the sale erroneous.

2. ———: Proof of Posting Notice.   Proof by affidavits of post-
   ing public notices is not exclusive.   The statute merely provides
   a mode which is sufficient, but does not provide that it shall
   supersede all other forms of proof.

Error from the district court of Gage county.   Tried
below before Broady, J.

*Griggs, Rinaker & Bibb* and *W. V. A. Dodds,* for plaintiff
in error:

There is no proof of the posting of notices of sale as
required by Gen. Stats., sec. 56, p. 286; sec. 83, p. 291;
sec. 90, p. 292, sec. 404, p. 593.   Proof of posting the
notices should be made by affidavit of the party who posted
the same, stating when, where, and by whom the notices
were posted. (*State v. Otoe County,* 6 Neb., 130.)   A sher-
iff's return that notice was duly published will not be ac-
cepted as proof, the law providing the manner of proof to
be by affidavit of any person having knowledge of the fact,
specifying the time when, and the paper in which, the pub-
lication was made. (*Miller v. Lefever,* 10 Neb., 77.)   There
is no reference to the posting of any notices of sale in the
case at bar.   The record is entirely silent upon this point.
The only reference to the posting of any notices is the ref-
erence to an entirely different piece of land, in the unver-
ified report of the guardian.   Proof of posting must be by

affidavit of some kind.  If not so shown, and if not shown
by the sworn report it is fatal. (*Persinger v. Jubb*, 52 Mich.,
304; *Cooper v. Brock*, 41 Id., 488; *Thomas v. Le Baron*,
8 Met. [Mass.], 363; *Hudson v. Hulbert*, 15 Pick. [Mass.],
423; *Blossom v. Brightman*, 21 Id. [Mass.], 285; *Mundy
v. Monroe*, 1 Mich., 68; *Woods v. Monroe*, 17 Id., 242.)
Essentials required by statute must affirmatively appear on
record, or be proved as by law required. (*Chase v. Ross*,
36 Wis., 268; *McCrubb v. Bray*, 36 Id., 268–333; *Blod-
gett v. Hitt*, 29 Id., 169.)   This sale can be attacked collat-
erally. (*Montour v. Purdy*, 11 Minn., 278; *Davis v. Hud-
son*, 11 N. W. Rep. [Minn.], 136; *Babcock v. Cobb*, 11
Minn., 347; *Grier's Appeal*, 101 Pa. St., 412; *Williams v.
Reed*, 5 Pick. [Mass.], 480; *Persinger v. Jubb*, 52 Mich.,
304; *Sowards v. Pritchett*, 37 Ill., 517; *Ryder v. Flanders*,
30 Mich., 343; *Coe v. Nash*, 28 Id., 259; *Toll v. Wright*, 37
Id., 93; *Blackman v. Baumann*, 22 Wis., 611; *Thomas v.
Le Baron*, 8 Met. [Mass.], 363; *Hathaway v. Clark*, 5 Pick.
[Mass.], 490; *Loring v. Steineman*, 1 Met. [Mass.], 204;
*Reynolds v. Schmidt*, 20 Wis., 380.)   The license was not
granted until after the sale was made.   Eleven days elapsed
between the last newspaper publication and time of sale.
The proceeding was void. (*Hartley v. Croze*, 37 N. W. Rep.
[Minn.], 450.)

*A. H. Babcock* and *J. A. Smith*, contra:

The evidence in this case is that the notice was published
four consecutive weeks, commencing August 24, A. D. 1875,
and that the sale occurred September 25, 1875.   This would
make the last publication September 14, which extended to
next publication day, to-wit, September 21, or to within
four days of the sale.   This was sufficient compliance with
the statute. (*Dexter v. Cranston*, 2 N. W. Rep. [Mich.],
674; *Morrow v. Weed*, 4 Ia., 95; *Frazier v. Steenrod*, 7
Id., 346; *Brigham v. Boston & Albany R. Co.*, 102 Mass.,
14.)   Proof by affidavit of the posting of notice is neither

exclusive nor necessary. The report of the guardian that she posted notice is *prima facie* evidence and its sufficiency cannot be attacked collaterally. (*Cooper v. Sunderland*, 3 Ia., 139; *Shawhan v. Loffer*, 24 Id., 228; *Stanley v. Noble*, 59 Id., 666; *Wade v. Carpenter*, 4 Id., 360; *Little v. Sinnett*, 7 Id., 324; *Frazier v. Steenrod*, 7 Id., 339; *Long v. Burnett*, 13 Id., 28; *Pursley v. Hayes*, 22 Id., 11; *Emery v. Vroman*, 19 Wis., 735.) The court had jurisdiction. If that jurisdiction was improvidently exercised, it is not to be corrected at the expense of a purchaser who had a right to rely upon the order of the court as an authority emanating from a competent jurisdiction. (*Perkins v. Fairfield*, 11 Mass., 227; *Stall v. Macalester*, 9 O., 23.) Non-compliance by a guardian with the requirements of the statute relative to the notice to be given of the sale of real estate of the ward, under license of the probate court, will not invalidate the title of a *bona fide* purchaser. (*Palmer v. Oakley*, 2 Douglas [Mich.], 433; *Woods v. Monroe*, 17 Id., 241–2; *Cooper v. Sunderland*, 3 Ia., 136.) The failure of a guardian to give security as required by statute upon obtaining an order for the sale of real estate will not render a sale void, regularly made and approved. (*Watts v. Cook*, 24 Kan., 278; *Bryan v. Bauder*, 23 Id., 95; *Fleming v. Bale*, 23 Id., 88.) When proceedings are in a court of general jurisdiction, and jurisdiction appears by record, even though it does not show everything necessary to regularity, yet it will be presumed, unless the contrary expressly appear; and even if irregularity or gross error do appear, the judgment cannot be questioned collaterally. This rule applies as well to proceedings under special statutes as under the common law. (*Falkner v. Guild*, 10 Wis., 506; *Carr v. Commercial Bank of Racine*, 16 Id., 52; *Allie v. Schmitz*, 17 Id., 175; *Robertson v. Kinkhead*, 26 Id., 560; *Seward v. Didier*, 16 Neb., 61; *Saxon v. Cain*, 19 Id., 488; *Trumble v. Williams*, 18 Id., 153; *Cooper v. Sunderland*, 3 Ia., 136; *Seymour v. Ricketts*, 21 Neb., 245;

*Roberts v. Flanagan,* 21 Id., 503; *Grignon's Lessee v. Astor,* 2 How. [U. S.], 339; *Thompson v. Tolmie,* 2 Peters [U. S.], 162; *Ballow v. Hudson,* 13 Gratt. [Va.], 672; *McPherson v. Cunliff,* 11 Serg. & R. [Pa.], 422; *Lalanne's Heirs v. Moreau,* 13 La., 433.) Guardian's sale of land cannot after *confirmation* be *collaterally* attacked as illegal in an action for the land brought against one who in good faith derives his title under the purchaser at such sale. (*Brown v. Christie,* 84 Am. Dec. [Tex.], 608; *Bunce v. Bunce,* 59 Ia., 537.)

MAXWELL, CH. J.

This is an action of ejectment to recover the southeast quarter of section 34, township 5, range 6 east. The defendant claims under a guardian's sale and the plaintiff claims that the proceedings were void. On the trial of the cause a jury was waived and the cause tried to the court, which found in favor of the defendant and dismissed the action. There is but little dispute as to the facts. The parties entered into a stipulation as follows:

"It is stipulated and agreed that the patent title to the land in this action was issued to Henry Larimer, a minor and the plaintiff in this action, dated September 1, 1868; that the defendant acquired title to said lands by regular chain of conveyance from Ellen E. Larimer, as guardian of Henry Larimer, the plaintiff in this action, based upon a sale of said land made by said guardian; that the title to said land is in the plaintiff, unless the proceedings of said guardian in the sale of said land is sufficient to convey plaintiff's title thereto, and if said proceedings of said guardian in making said sale are valid, then the title to said premises is in the defendant, and he is a purchaser in good faith and for a valuable consideration, except such notice as the records of conveyances disclose; that the abstract of title to the said land may be introduced in evidence and have the same force and effect as the original deeds of conveyance would have were they introduced."

· The defendant then introduced in evidence proof of the guardian's appointment, etc., her petition to sell the land, as follows:

"In the district court of the first judicial district of Nebraska, held in and for Gage county.

"To the Honorable the said District Court:.

"The petition of Ellen E. Larimer, of the county of Scott, in the state of Iowa, shows:

" 1. That she is the mother and duly appointed guardian of Henry Larimer, a minor child, born September 19, 1865, as shown by the papers hereto attached, marked Exhibit 'A,' and that said child lives with your petitioner in the said county of Scott.

" 2. That said Henry Larimer has no estate whatever, real or personal, except the following, to-wit: The S. E. $\frac{1}{4}$ of sec. 34 in T. 5, R. 6, in Gage county, Nebraska, which said lands he owns in fee.

"3. That said lands are uncultivated and wholly unproductive and are now liable for a large amount of unpaid taxes for a long time due thereon.

" 4. That the value of said lands does not exceed $1,000.

"5. That said Henry Larimer is wholly dependent upon your petitioner for his support and education.

"6. That your petitioner is unable by reason of her poverty to support and educate said Henry Larimer in a proper manner, and that it would be to the great benefit of said Henry Larimer if said lands should be sold and the proceeds of the sale thereof be applied towards his education and support. And your petitioner asks that a license to sell said lands may be granted to her in the manner provided by law.                ELLEN E. LARIMER.

"STATE OF IOWA, ⎱
COUNTY OF SCOTT. ⎰

" Ellen E. Larimer, having been first duly sworn, says that she is the named petitioner; that she has read the said

petition above written and knows that the contents thereof are true.                    "ELLEN E. LARIMER."

This was duly certified. This was presented to Judge Gantt, who made an order as follows:

"In the district court of the first judicial district, held in and for Gage county, Nebraska.

"In the matter of the application of Ellen E. Larimer, guardian of Henry Larimer, a minor child, to sell the S. E. ¼ of sec. 34, in T. 5 north, of R. 6 east, of the 6th principal meridian, in said Gage county, Nebraska, for the maintenance and education of said minor.

"It is now ordered that all persons next of kin of said ward, and all persons interested in the estate above described, appear before me at the court house in the city of Nebraska City, in the county of Otoe, Nebraska, on Friday, the 18th day of December, 1874, at the hour of 10 o'clock A. M. of that day, to show cause why a license should not be granted to said guardian to sell said real estate for the purpose aforesaid. Ordered, that a copy of this order be published four consecutive weeks in the Beatrice *Express*, prior to the time fixed for said hearing.

"Dated November 5, A. D. 1874.

                              "D. GANTT, *Judge.*"

A notice was published as follows:

"In the district court of the first judicial district, held in and for Gage county, Nebraska.

"In the matter of the application of Ellen E. Larimer, guardian of Henry Larimer, a minor child, to sell the S. E. ¼ of section 34, in T. 5 north, of R. 6 east, of the 6th principal meridian, in said Gage county, Nebraska, for the maintenance and education of said minor.

"It is now ordered that all persons next of kin of said ward, and all persons interested in the estate above described, appear before me at the court house in the city of Nebraska City, in the county of Otoe, Nebraska, on Fri-

32

day, the 18th day of December, 1874, at the hour of 10 o'clock A. M. of that day, to show cause why a license should not be granted to said guardian to sell said real estate for the purpose aforesaid. Ordered, that a copy of this order be published four consecutive weeks in the Beatrice *Express* prior to the time fixed for said hearing.

"D. Gantt, *Judge.*"

This is accompanied by the affidavit of the publisher that he published the same four successive weeks, commencing on the 19th day of November, 1874.

On the day set for the hearing, Judge Gantt granted the following license:

"In the district court of the first judicial district in and for Gage county.

"In the matter of the application of Ellen E. Larimer, guardian of Henry Larimer, to sell real estate of said minor.

"And now this 18th day of December, 1875, this cause came on to be heard, at chambers, at the court house in Nebraska City, Otoe county, in pursuance of the order heretofore made in this cause on all persons interested in the said estate, to show cause, if any they had, why a license should not be granted to said guardian to sell said real estate for the maintenance and education of said minor; and it appearing to the Hon. D. Gantt, judge, presiding in said first judicial district, that publication of said order and notice to the next of kin of said minor, and all persons interested in said estate, was duly made in the manner and for the time prescribed by law, in the Beatrice *Express*, a newspaper printed and having a general circulation in the said county of Gage, and the said judge having heard and examined the proofs of the said guardian (no one appearing to resist said application), and being fully advised in the premises, doth find that the income of said minor is not sufficient to maintain and educate the said minor. It

Larimer v. Wallace.

is therefore ordered that the said Ellen E. Larimer, as guardian aforesaid, be and is hereby licensed to sell the real estate of the said minor, in her said petition described, to-wit, the S. E. ¼ of sec. 34, in T. 5 N., R. 6 east, in said county of Gage, for the maintenance and education of said minor. And it is further ordered that said guardian shall, before making such sale, take and file the oath required by law, and shall make due publication and give notice of said sale in the manner and for the time prescribed by law. The terms of said sale shall be cash ; and the said guardian is required to make full return of all her proceedings herein to the next term of the district court of said county of Gage.        D. GANTT, *Judge.*"

There is also a copy of the appraisement as follows:

## "INVENTORY OF PROPERTY.

"We, L. G. Coffin, sheriff of Gage county, in the state of Nebraska, Josiah Hawkins and Alfred Hazlett, two disinterested freeholders, residents of said county of Gage, the said Josiah Hawkins and Alfred Hazlett having been first duly sworn by said sheriff, do truly and impartially inventory and appraise the following property at its real value in money, to be sold as the property of Henry Larimer, by Ellen E. Larimer, his guardian, by virtue of a license granted by the district court of the first judicial district of the state of Nebraska, in and for the county of Gage, at the November term of said court, in the year 1874, to-wit: S. E. ¼ of sec. 34, T. 5 N., R. 6 east, in said Gage county, 160 acres, at $4 per acre, $640.

"Given under our hands this 23d day of September, A. D. 1875.        L. G. COFFIN,
        "*Sheriff of Gage County, Nebraska,*
        "By O. H. PHILLIPS, *Deputy,*
        "ALFRED HAZLETT,
        "JOSIAH HAWKINS,
        "*Appraisers.*"

There is also a report of sale as follows:

"Received the license hereto annexed, marked Exhibit 'A,' and, according to the command thereof, I did, on the 24th day of August, 1875, cause a notice (a copy of which is hereto annexed, marked Exhibit 'B'), to be published in the Beatrice *Courier*, a newspaper published in the county of Gage, Nebraska, and of general circulation therein, and continued the publication of the same for thirty-two days, and did post up copies of the said notice in five of the most public places in said Gage county, giving notice that I would, on the 25th day of September, 1875, at the south front door of the court house in said county, at 2 o'clock P. M. of said day, sell the said lands in said license mentioned, at public auction; and I did at said time and place sell said lands at public auction to Orren Stevens for the sum of $430, he being the highest and best bidder therefor. That before the sale of said lands I did cause the same to be appraised in the manner required by law, which said appraisement is hereto annexed, marked Exhibit 'C,' and that the said sum of $430 is more than two-thirds of the appraised value of said lands, to-wit, the S. E. ¼ of sec. 34, in T. 5 N., of R. 6 east, Gage county. That I did also before making said sale make and file with the clerk of the district court of said county the oath required by law. All done in Gage county, Nebraska.

"Witness my hand this 27th day of September, A. D. 1875. ELLEN E. LARIMER."

There is the oath of the guardian as follows:

"I, Ellen E. Larimer, being first duly sworn, make oath and say that I am the guardian above mentioned of the said minor, Henry Larimer; that in disposing of the following real estate, to-wit, the S. E. ¼ of sec. 34, T. 5 N., of R. 6 east, of the principal meridian, in Gage county, Nebraska, which said lands I am licensed to sell by the said district court, I will use my best endeavors to dispose

of the same in such manner as will be most convenient for the advantage of the said Henry Larimer and all other persons interested therein.      "ELLEN E. LARIMER."

There is the bond, as follows:

"Know all men by these presents, that we, Ellen E. Larimer, of the county of Scott, in the state of Iowa, James Gamble, of the same place, and Joseph Suiter, of the county of Gage, in the state of Nebraska, are held and firmly bound unto the Hon. Daniel Gantt, judge of the district court of the first judicial district of Nebraska, and to his successors in office in the penal sum of $1,000, current money of the United States; the payment of which sum to be well and truly made we and each of us bind ourselves, our executors and administrators, jointly and severally, firmly by these presents.

"The condition of the above obligation is such, that if the said Ellen E. Larimer, guardian of Henry Larimer, shall as such guardian sell under a license from the said district court the following lands, to-wit, the S. E. $\frac{1}{4}$ of sec. 34, T. 5 N., of R. 6 east, in said Gage county, in the manner prescribed by law for the sale of real estate by executors and administrators, and if the said Ellen E. Larimer shall account for and dispose of the proceeds of said sale in the manner provided by law, then this obligation to be void, otherwise to be and remain in full force.

"Witness our hands and seals this 10th day of December, 1874.      ELLEN E. LARIMER.      [SEAL.]
"JAMES GAMBLE.      [SEAL.]
"JOSEPH SUITER.      [SEAL.]

"Subscribed and sworn to by Ellen E. Larimer and James Gamble before me, a notary public in and for Scott county, Iowa, this 10th day of December, A. D. 1874.

"JOHN W. BUCKMAN,
"*Notary Public, Scott County, Iowa.*

"The above bond and sureties therein approved.

"D. GANTT, *Judge.*"

The sale was advertised four weeks, the notice being as follows:

"SALE OF MINORS' LANDS BY GUARDIAN.

" By virtue of a license of the district court of the first judicial district of Nebraska, held in and for Gage county, to me granted, I, Ellen E. Larimer, guardian of Henry Larimer, a minor, will sell for cash at public auction on Saturday, the 25th day of September, A. D. 1875, at 2 o'clock P. M., at the south front door of the court house, in Beatrice, Gage county, Nebraska, the following real estate, situated in said Gage county, the land of said minor, to-wit, the southeast quarter of section 34, in T. 5 N., of R. 6 east.                                ELLEN E. LARIMER,
                        " Guardian of Henry Larimer."

There is an affidavit of publication made by one of the publishers of the Beatrice *Courier*, a weekly newspaper, that the notice was published four consecutive weeks, commencing August 24, 1875; the fees, being $7.50, were paid. There is also the confirmation of the sale as follows:

"In the district court of the first judicial district of Nebraska, held in and for Gage county.

"In the matter of the application of Ellen E. Larimer, guardian of Henry Larimer, to sell the lands of said minor.

"CONFIRMATION OF SALE OF LANDS.

"And now, on this third day of November, 1875, comes the said Ellen E. Larimer, by S. C. B. Dean, her attorney, and the court having fully examined the papers in this cause, and being fully advised in the premises, order that the sale of the lands made by said Ellen E. Larimer, under the license for that purpose heretofore granted by said court, be confirmed, and is hereby ordered that a deed of said lands be made by said Ellen E. Larimer to Orren Stevens, the purchaser of said lands.        D. GANTT, *Judge.*"

Also a receipt for the purchase money as follows:

"In the district court of the first judicial district of the state of Nebraska, held in and for Gage county.

"In the matter of the application of Ellen E. Larimer to sell the lands of Henry Larimer, a minor.

"RECEIPT FOR PURCHASE MONEY.

"I, Ellen E. Larimer, aboved named, do hereby certify that I have received from Orren Stevens the sum of $430, in full for purchase money of lands above mentioned, being the S. E. ¼ of sec. 34, T. 5 N., of R. 6 east, in said Gage county.                    ELLEN E. LARIMER.

"In presence of
        "JAMES GAMBLE."

This is duly authenticated. It will thus be seen that every step required by statute was taken by the careful judge who made the orders in the case. The principal ground relied upon for a reversal of the case is that there is no proof of the posting of the notices of the sale of the land, and *State v. Otoe County*, 6 Neb., 130, is cited to sustain that view. That was a direct proceeding to establish a public road, and it was properly held that it should appear when, where, and by whom the notices are posted. It is also true that the Code provides that the posting or service of a notice may be proved by affidavit of any competent witness attached to a copy of such notice or paper, to be made within six months of the time of posting up. We do not understand this mode of proof to preclude all other kinds of proof. The statute merely provides what shall be sufficient proof, but does not make that exclusive. No doubt there was sufficient proof of such posting before Judge Gantt when he confirmed the sale, and the order of confirmation is not subject to collateral attack. Some point is made on the date of the notice of sale, and of a misdescription of the land, but there appears to be no substantial ground of objection on those grounds. In a collateral at-

tack on a guardian's sale of real estate, where all the steps required by statute have been taken, a sale made and confirmed and a deed made to the purchaser, the sale will be sustained if the court had jurisdiction, although there may be irregularities in the proceedings, which, in a direct proceeding, would render the judgment erroneous.   The judgment is right and is

AFFIRMED.

THE other judges concur.