W. B. SCARBOROUGH v. MYRON N. MYRICK.

FILED APRIL 7, 1896. No. 6243.

1. **Proceedings in Error: TIME.** Proceedings in error may be commenced in the supreme court at any time within one year from the rendition of the judgment or decree, or final order sought to be reviewed.

2. **Sufficiency of Petition: REVIEW.** A motion for a new trial is unnecessary to present to this court the question whether the petition states a cause of action.

3. **Quieting Title: PLEADING.** The petition in an action to quiet title examined, and *held* to state a cause of action.

4. **Summons: SERVICE BY PUBLICATION: PROCEEDING TO OPEN JUDGMENT.** To entitle a party to have a decree rendered against him upon service by publication opened, under section 82 of the Code, it must appear that he had no actual notice of the pendency of the action in time to interpose a defense.

5. **Notice of Proceeding to Open Judgment: WAIVER.** Notice of an application, under said section, to open a judgment or decree must be given to the adverse party; but where such party appears and resists the application, it is a waiver of formal notice.

6. **Quieting Title:** SERVICE BY PUBLICATION. In an action to quiet title to real estate, service by publication may be made upon a non-resident defendant who cannot be summoned in the state.

7. **Summons:** AFFIDAVIT FOR SERVICE BY PUBLICATION. Plaintiff's cause of action is not required to be set forth in an affidavit for service by publication. It is sufficient if such affidavit states that the defendant is a non-resident of this state, and that service of summons cannot be had upon him therein, and facts showing the action to be one of those mentioned in section 77 of the Code, in which constructive service is authorized.

8. ———: SERVICE BY PUBLICATION: WAIVER OF DEFECTS: APPEARANCE. Where a decree is rendered upon service had by publication, and the defendant subsequently files an answer to the merits, and asks to have the decree opened under section 82 of the Code of Civil Procedure, such appearance is a waiver of all defects and irregularities in the service.

9. **Names of Parties:** ERRORS: WAIVER: APPEARANCE. Except in actions specified in section 23 of the Code of Civil Procedure, it is bad pleading to describe the plaintiff or defendant by the initials only of his Christian name; but if so designated it is merely a misnomer, and if the defendant appears, or is personally served, and no objection on that ground is made in the trial court, the defect is waived.

10. ———: JUDGMENTS. In the absence of a showing to the contrary, it will not be presumed for the purpose of invalidating a judgment rendered against a defendant, that he has any other Christian name than the initials by which he was sued.

11. **Service by Publication:** DEFECTS: PROCEEDING TO VACATE JUDGMENT. A decree rendered against a defendant upon service by publication alone, he having made no appearance in the cause, and the published notice requiring him to answer on or before a date anterior to the filing of the petition, instead of the third Monday after the completed service, as required by statute, may be set aside on motion of the defendant, as having been irregularly entered, under the provisions of section 602 *et seq.* of the Code of Civil Procedure. (*Wilkins v. Wilkins*, 26 Neb., 235.)

ERROR from the district court of York county.
Tried below before WHEELER, J.

*Sedgwick & Power,* for plaintiff in error.

*George B. France, contra.*

NORVAL, J.

This action was instituted in the district court
of York county on the 5th day of April, 1892, by
Myron N. Myrick against W. B. Scarborough, to
quiet the title to the real estate herein described,
and to annul a certain contract entered into by
and between them, by the terms of which the
plaintiff agreed to convey, upon certain considera-
tions, the southwest quarter of section 3, the
southeast quarter of section 4, the northeast quar-
ter, and the northeast quarter of the northwest
quarter of section 9, and the west half of the
northwest quarter of section 10, all in township 12
north, range 3 west, York county, Nebraska. Affi-
davit for substituted service of summons was
made and filed, notice of the pendency of the suit
was duly published, and, without any appearance
on the part of the defendant, a decree as prayed
was rendered against him on the 16th day of June,
1892. At a subsequent term of the court, to-wit,
December 30, 1892, the defendant, through his
attorneys, filed a motion to set aside said decree,
accompanied with the affidavits of his attorneys
in support thereof, and filed his answer in said
cause. The application was heard upon affidavits,
and also evidence taken by the oral examination
of witnesses, which testimony is embodied in the
bill of exceptions found in the record. The court
refused to set aside the decree, and the defendant
has brought the case into this court for review.

One of the grounds urged for a reversal is that the petition fails to state a cause of action. Plaintiff insists that the sufficiency of the petition cannot now be raised, since the cause was not docketed in this court within six months from the entry of the decree, and further, because no motion for a new trial was filed in the court below. The cause is not here upon appeal, but by proceedings in error. Therefore the defendant was not required to have the cause docketed within six months from the date of the decree. Proceedings in error may be commenced in this court at any time within one year from the rendition of the judgment, or decree, or final order sought to be reviewed. (*Bemis v. Rogers*, 8 Neb., 149; *Rogers v. Redick*, 10 Neb., 332; *Hendrickson v. Sullivan*, 28 Neb., 790.) The record discloses that the transcript and petition in error were filed in this court on June 14, 1893, which was less than a year after the decree was pronounced in the district court. No motion for a new trial was necessary to test in this court the sufficiency of the petition. (*Hays v. Mercier*, 22 Neb., 656; *O'Donohue v. Hendrix*, 13 Neb., 255; *Schmid v. Schmid*, 37 Neb., 629; *Hansen v. Kinney*, 46 Neb., 707; *Harris v. State*, 46 Neb., 857.)

It is insisted that the petition does not state a cause of action, and is therefore insufficient to support the decree, because it fails to allege that plaintiff was the owner of the lands in controversy at the time the action was brought. Undoubtedly a plaintiff must have title to, or claim an interest in, the real estate in order to maintain an action *quia timet*, but he is not required to allege and prove a fee-simple title; especially is this so where he is in possession of the property.

(*Brewer v. Merrick County,* 15 Neb., 180; *McDonald v. Early,* 15 Neb., 63; *Foree v. Stubbs,* 41 Neb., 271.) In the case at bar the petition alleges "that the plaintiff was, at the time of the making and execution of the contract hereinafter mentioned [the one he sought to have canceled], the owner, and is now, and has been for more than five years last past, in the possession" of the premises in controversy. There is no averment in the pleading attacked that plaintiff has ever parted with the title in the property which he at one time held, and, at least after decree, we must presume that plaintiff continued to be the owner of the property when this suit was brought. Manifestly this is so, since the plaintiff alleges the making of the contract to convey the property to the defendant, and that the latter has wholly failed and refused to perform the conditions and stipulations therein contained on his part to be kept and observed, thereby showing affirmatively that the defendant has forfeited all rights or interest which he may have had in the contract and lands therein described. While the petition is not as full in its averments as might be desired by some pleaders, yet we think, under the liberal rules of code pleading, it states a cause of action.

One of the grounds stated in the motion to set aside the decree and permit a defense to be made is that there was no other service of summons upon the defendant than by publication. Under section 82 of the Code of Civil Procedure a party against whom a judgment or decree is entered upon constructive service alone, has a right to have such judgment or decree opened any time within five years by complying with the several requirements of said section, two of which being

that the party shall give notice of his application
to his adversary, and also establish that the de-
fendant had no actual notice of the pendency of
the suit in sufficient time to appear in court and
contest the cause.   This record fails to disclose
that notice of the motion to open the decree was
served upon the plaintiff.   It does, however, show
that he appeared and resisted the application,
which was a waiver of formal notice.   The evi-
dence adduced on the hearing fails to establish
that the defendant did not have actual notice that
the suit was pending.   It follows that the defend-
ant was not entitled to have the decree opened
under said section 82. (*Merriam v. Gordon*, 20
Neb., 405; *Stover v. Hough*, 47 Neb., 789.)

It is urged that the trial court did not acquire
jurisdiction on account of alleged defects in the
affidavit for publication and in the published no-
tice.   It is true that the affidavit upon which con-
structive service of summons was based is juris-
dictional, and if there is an entire omission of an
averment upon a vital or material matter, the
court will not acquire jurisdiction by the pub-
lished notice, but the proceedings will be abso-
lutely void.   The affidavit must disclose, in addi-
tion to the fact that the defendant is a non-
resident of this state, and service cannot be had
upon him therein, that the action is one of those
mentioned in section 77 of the Code, in which con-
structive service can be made.   Tested by this
rule the affidavit for publication in the case at bar
is sufficient.   It states the date of the filing of the
petition against the defendant, that the object and
prayer of the petition is to declare an agreement
entered into between plaintiff and defendant on
February 26, 1890, to be null and void, to cancel

the same of record, and to quiet in plaintiff the title to certain real estate specifically described in said contract, as in the petition set forth, and that the defendant is a non-resident of the state and service of summons cannot be made upon him therein. It was not necessary that the affidavit should disclose plaintiff's title to the property in controversy. He was not required to state his cause of action in the affidavit, but in his petition. (*Grebe v. Jones*, 15 Neb., 312.) The affidavit shows that the nature or the character of the suit is one in which the statute authorizes service by publication to be had, and that is sufficient so far as that point is concerned. (*Fouts v. Mann*, 15 Neb., 172; *Taylor v. Coots*, 32 Neb., 30.) Our statute authorizes service by publication in actions to quiet title to real estate when the defendant is a non-resident. (*Arndt v. Griggs*, 134 U. S., 316.)

Another complaint is that in the petition, affidavit, and notice of publication the defendant is designated by his family or surname, and the initial letters only of his Christian name. The statute contemplates that the parties to a suit, whether plaintiff or defendant, shall be described in the pleadings by their full Christian names, except in actions specified in section 23 of the Code. In all other cases it is bad pleading to describe the plaintiff by the initials only of his Christian name. But the absence of his first or Christian name amounts merely to a misnomer, and if objection on that ground is not made in the trial court, it will be waived. (*Walgamood v. Randolph*, 22 Neb., 493; *Real v. Honey*, 39 Neb., 516; *Laws v. McCarty*, 1 Handy [O.], 191; *Wilson v. Shannon*, 6 Ark., 196; *Monroe Cattle Co. v. Becker*, 147 U. S., 47; *Kenyon v. Semon*, 45 N. W. Rep. [Minn.],

10.) In the case, at bar the defendant is sued by the name of W. B. Scarborough, no other description being inserted in the petition or proceedings; nor in the verification of the petition is it stated that the real name of the defendant is unknown. Neither in the answer filed by the defendant, nor in the motion and affidavits filed by him, has he disclosed his full Christian name. The defendant signed the contract sought to be canceled by his initials alone. We have carefully examined the entire record and find it nowhere discloses that the defendant has any other Christian name than the initials by which he was sued. This being true, we cannot presume that he had any other Christian name; therefore the objection that the defendant was described in the petition by his initials is not available in this court. (*Oakley v. Pegler*, 30 Neb., 628; *Fewlass v. Abbott*, 28 Mich., 270; *Kenyon v. Semon*, 45 N. W. Rep. [Minn.], 10.)

It is, however, argued that service by publication conferred no jurisdiction; in other words, that the summons should have been personally served upon the defendant. Section 148 of the Code of Civil Procedure provides: "When the plaintiff shall be ignorant of the name of a defendant, such defendant may be designated in any pleading or proceeding by any name and description, and when his true name is discovered, the pleading or proceeding may be amended accordingly. The plaintiff in such case must state, in the verification of his petition, that he could not discover the true name, and the summons must contain the words, 'real name unknown,' and a copy thereof must be served personally upon the defendant." This section was before the court in *Enewold v. Olsen*, 39 Neb., 59. It was there held,

55

in an action to recover a personal judgment not brought under section 23 of the Code, where the defendant was sued as F. Olsen, "full name unknown," and the return on the summons showed that he was served by leaving a copy at his usual place of residence, that the court acquired no jurisdiction over the defendant, and that the judgment was void. The scope of this decision is that a personal judgment cannot be rendered when the defendant is sued by his initials, unless the summons is personally served upon him, or he appears, except in cases brought under said section 23. Whether in an action *in rem*, and in which no personal judgment is sought, service by publication can be had where the defendant is sued by the initials of his Christian name, it is unnecessary to decide, since, if there was any defect in the service in this case, it was waived by the defendant filing his answer to the merits and asking to have the decree opened under section 82 of the Code. (*Warren v. Dick*, 17 Neb., 241; *Seely v. Boon*, 1 N. J. Law, 138.)

Objection is made to the published notice. The proof of publication shows that the notice was published four consecutive weeks in the York *Republican*, the first publication thereof being on April 5, 1892, and the last insertion on the 29th day of the same month. The notice to the defendant required him to answer the petition on or before the 16th day of March, 1892, which was not only prior to the first publication, but before the petition was filed in the district court. By statute the time for filing answer is fixed "on or before the third Monday * * * after the return day of the summons or service by publication." The notice in question is manifestly defective. It

should have required the defendant to answer on or before the third Monday after the completed service. The defect indicated .did not invalidate the notice to such an extent as to ́prevent the court from acquiring jurisdiction or to render the proceedings absolutely void. It was a mere error or irregularity not available in a collateral attack upon the decree, but constituting sufficient ground for a reversal in a direct proceeding like this, or to set aside the decree under the third subdivision of section 602 of the Code, which authorizes a district court to vacate its own judgments or ,decrees after the term at which the same were entered "for mistakes, neglect, or omissions of the clerk, or irregularity in obtaining a judgment or order. (*Wilkins v. Wilkins*, 26 Neb., 236.)

The case cited was an action for divorce, in which a decree was rendered against the defendant. Service was by publication only, the notice requiring the defendant to answer on the second Monday, instead of the third, after the last publication. Nearly three years after the rendition of the decree the defendant filed a motion in the same court to vacate the decree for said defect in the notice in fixing the time for answer, which motion was sustained, and the ruling was subsequently affirmed by this court. The decree in the case at bar was irregularly entered, and it should have been set aside. The decree, and the order refusing to vacate the same, are reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.