STATE OF NEBRASKA, APPELLEE, V. SEVERAL PARCELS OF LAND ET AL., APPELLANTS.

FILED APRIL 5, 1906. No. 14,261.

1. **Cities:** SIDEWALKS: NOTICE: EVIDENCE. Proof by affidavit required by a city ordinance of the publication of a notice to nonresident property owners to construct sidewalks is not conclusive; but the fact of publication may be proven by other evidence.

2. **Sidewalks:** ASSESSMENTS: DEFECTIVE NOTICE. Under a city ordinance providing that the city council may cause the construction of certain sidewalks along the street line of lots belonging to nonresidents and assess the costs thereof to the property, if the same were not constructed by the owner within 15 days after the publication of a notice to him, the city council obtained the right to construct such improvements and assess the costs thereof, even though the notice named a date for the construction thereof

by the owner less than 15 days subsequent to the last publication. The provisions of the city charter and ordinances become a part of the notice, and the property owner is bound thereby.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*O. C. Redick,* for appellants.

*W. W. Slabaugh, John P. Breen* and *W. H. Herdman, contra.*

EPPERSON, C.

The proper authorities instituted an action in the district court for Douglas county under the scavenger laws of 1903 for the sale of several tracts of land for the payment of state and county taxes, and the general and special taxes levied for municipal purposes by the city of Omaha. Among the tracts of land are several lots belonging to the appellant, who filed his answer in the district court, objecting to the sale of his property for the payment of certain special taxes levied thereon by the city council. Ordinance 4,244 of the city of Omaha established a mode of procedure for the construction of sidewalks in said city. It provided in substance that, whenever the city council and mayor deemed it expedient, they could require the construction of sidewalks in front of or adjacent to any premises, along any street in the city, by resolution; that upon the passage of a resolution, notice should be served on the owner of the premises adjacent to or abutting such sidewalk; and that said notice should state that after the expiration of 15 days from the service thereof the sidewalk ordered to be laid would be laid by the contractor holding a contract with the city of Omaha and that the costs of the laying of such sidewalk would be assessed upon the property described. In the event that the owner was a nonresident of the city of Omaha, the ordinance provided that such notice should be published in the official papers of the city for ten days,

24

and made it the duty of the board of public works to cause affidavits to be made of the service of the notice, and to carefully preserve the same in the office of the city board.

At the time of the construction of the sidewalks in controversy, appellant was a nonresident of the city of Omaha. The affidavit showing publication of notice to appellant indicated that it had been published but six days, and this appellant contends is conclusive as to the publication. Neither the statute nor the ordinance makes it necessary as a condition precedent to the construction of the sidewalks by the city, nor the taxation of the property, that the proof of publication be filed; the ordinance does provide that the affidavit shall be filed and preserved in the office of the board of public works, but it was the publication of the notice, and not the filing of the affidavit, which conferred jurisdiction upon the city authorities to construct the sidewalk and levy the taxes complained of. The affidavit was presumptive evidence, but not conclusive as to the publication of the notice. The ordinance provided a mode which is sufficient, but not exclusive. The rule as to notices required by city ordinances is no more stringent than the rule governing notices required by statutes. In the case of *Larimer v. Wallace,* 36 Neb. 444, it is held: "Proof by affidavits of posting public notices is not exclusive. The statute merely provides a mode which is sufficient, but does not provide that it shall supersede all other forms of proof." And as the evidence introduced by the appellee shows the publication of the notice for the time required by the ordinance, we are convinced that the failure to file the affidavit with the city authorities as provided by the ordinance does not constitute a reason for declaring that the city council was without jurisdiction to levy the tax.

The last publication of the notice was on November 3, and notified the appellant that he would be required to construct a sidewalk on or before November 9, or that the city authorities would construct the same as provided by law, and levy a special assessment upon his lots to pay the

costs thereof.  The ordinance provided that the improvements should be made by the city authorities after the expiration of 15 days from the giving of the notice, and, on account of this irregularity as to time, appellant claims that the notice is insufficient to give the city authorities jurisdiction to levy the special taxes.  One section of the ordinance made it the duty of the owner of the premises to construct the sidewalk within 15 days after the service or publication of the notice so to do.  The proof shows that the city did not order the sidewalk constructed until 30 days later than the last publication.  This is analogous to the case of *Eddy v. City of Omaha,* 72 Neb. 550, modified on rehearing, 72 Neb. 559.  In that case this court had under consideration a notice required by an ordinance providing that the publication should give a 30 days' notice; the notice construed recited that the thirty days would expire on a day, less than 30 days subsequent to the publication.  Upon rehearing the court said:

"Appellant now argues that, though the notice informed the property owners that the 30 days would expire at noon on August 31, this was a mere irregularity, because the charter, the ordinance and the notice itself informed them that they had 30 days from the publication of the notice within which to designate said material; citing *Armstrong v. Middlestadt,* 22 Neb. 711, and *Scarborough v. Myrick,* 47 Neb. 794.  We are of the opinion that this argument is sound.  That if, in fact, 30 days had elapsed before the council took any action upon the matter, the recital in the notice that the time would expire several days before the 30 days elapsed would be merely an irregularity, and would not prevent the council from acquiring jurisdiction."

Applying this rule to the case at bar, it follows that the notice was sufficient to inform the appellant that, in the event he did not construct the improvements required within the time provided by the ordinance, the city would do so and tax his property for the payment thereof.  After the expiration of 15 days from the last publication the city

had the right to and did construct the improvements. It necessarily follows that the appellant's property was liable to taxation for the payment thereof, and we recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.