LOCAL UNION NO. B843, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, APPELLANT, v. WESTERN PUBLIC SERVICE COMPANY, APPELLEE.

299 N. W. 531

FILED JULY 25, 1941. No. 31149.

*George I. Craven,* for appellant.

*Mothersead & York, Davis & Stubbs* and *James N. Acker-man, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a suit in equity by a labor union to enjoin an employer of labor from retaining in its employ any member or members of the union in arrears in payment of union dues.

The plaintiff is Local Union No. B843 of the International Brotherhood of Electrical Workers, affiliated with the American Federation of Labor, an unincorporated voluntary association. The only defendant is Western Public Service Company, Western Division, a corporation.

In the petition plaintiff names 12 members of the union, employees of defendant, who are alleged to be in arrears in the payment of dues. The working contract between plaintiff and defendant, relating to employment and discharge of employees, to time of service and to other mutual obligations, is made a part of the petition for an injunction. One paragraph of the contract is as follows:

"The company agrees upon written notice and satisfactory proof from the union that any member who is not in good standing (arrears in respect to dues) with the union shall not be retained in the employment of the company beyond a period of ten (10) days after receipt of the said notice and proof."

It is also alleged in the petition that plaintiff has performed the contract ever since it was executed October 1, 1938; that defendant gave notice October 1, 1939, that it would no longer be bound by the contract and in the future would retain in its employ members of the union who are in arrears in payment of union dues; that plaintiff gave notice to defendant and made satisfactory proof that the following named members of the union and employees of

defendant had lost their standing in the union because of arrears in the payment of dues, and that defendant cannot retain them as employees without violating the contract, to the irreparable injury of plaintiff: Clyde Vorse, J. H. Rehr, L. F. VanNoy, E. F. Kimbrell, H. L. Miller, J. D. Pearre, George Trumbo, S. B. Dozier, C. E. Horn, Roy LaFollette, Don Taylor and Charles Wilson. These employees are not parties to the contract nor to this suit in equity. A prayer of the petition for an injunction reads thus:

"That defendant, and all persons acting by, through or under it, its agents and attorneys, be temporarily restrained and temporarily and permanently enjoined from retaining in its employ any members of the plaintiff union for a period of time longer than ten days from and after receipt of written notice and satisfactory proof that said member or members are in arrears in the payment of their dues to plaintiff union."

The petition was attacked by demurrer on the ground "That there is a defect of parties defendant." As already indicated, no employee alleged to be in arrears for union dues is a party plaintiff or defendant herein. On account of such defect the district court sustained the demurrer. Plaintiff refused to make the employees named parties defendant, though permitted by the district court to do so, and elected to stand on the petition. The suit was dismissed. Plaintiff appealed.

The rule of equity by which the trial court was guided in sustaining the demurrer for defect of parties defendant and in finding that the employees were indispensable parties was stated in a former case as follows:

"Indispensable parties to a suit are those who not only have an interest in the subject-matter of the controversy, but also have an interest of such a nature that a final decree cannot be made without affecting their interests, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." *Jordan v. Evans*, 99 Neb. 666, 157 N. W. 620.

This is a general rule of equity recognized as such in both federal and state courts. Plaintiff does not seem to question it, but appears to rely on exceptions to the general rule and states its position as follows:

"There are exceptions to the rule in equity that all persons interested in the subject-matter of the suit or whose rights will be affected thereby must be made parties. Where there are interested persons, who are not before the court in person, but who are represented by a voluntary association of which they are members, their actual joinder as plaintiffs or defendants is not indispensable. A further exception is that, if it is impracticable for any reason to make them parties defendant, they need not be joined. If they are members of a class likely to increase in number during the pendency of the case, so as to delay its trial by the necessity of making new parties, that fact alone is sufficient reason for not joining them. If there is danger of a change of status of members of a class during the pendency of a case so as to subject the proceedings to the danger of continual abatement, that fact is also sufficient reason for not making the members of such class parties defendant."

The position thus taken is untenable on the face of the petition itself. The 12 employees who are members of the union have a vital interest in the subject-matter of the suit. A final decree cannot be entered without affecting their interests. An injunction, if granted, might deprive them of their means of livelihood. As parties defendant, they would have the right to plead and prove they are not in arrears and are in good standing in the union, if such are the facts. Exceptions to a general rule of equity must be based on substantial grounds. Equity does not recognize an unauthorized, voluntary, hostile litigant as the representative of an indispensable party who has not been made a party to the cause. In the present case there are only two parties—the union and the employer. Neither is a competent representative of the 12 employees in this controversy. Plaintiff in its petition declared open hostility to them and asked a court of equity to terminate their em-

ployment by injunction without making them parties to the suit or giving them a chance to be heard personally in defense of their own individual rights. It is asking too much of equity to terminate by injunction at the suit of the union the employment of 12 of its members and in the same suit permit the union to represent them in defense of their rights as employees instead of making them defendants. Defendant does not assume to act for these employees. It is a public service corporation and as such has declined by its demurrer to represent them in defense of their rights as employees. It attacked the petition because the employees were not made defendants to answer for themselves. It is clear therefore that the employees are not represented herein by any party to this suit. Neither inconvenience to plaintiff nor the risk of delay in reaching a final decision does away with the necessity for joining indispensable parties as defendants in this case.

The demurrer to the petition for defect of parties defendant was properly sustained. The petition, however, should not have been dismissed without prejudice. The judgment is modified to correct that defect and the costs taxed to plaintiff.

AFFIRMED AS MODIFIED.