SARAH E. DAVIS ET AL., APPELLANTS, V. CHRISTIAN JENNINGS ET AL., APPELLEES.

FILED MARCH 7, 1907. No. 14,622.

1. **Parties**: NAMES UNKNOWN. When the plaintiff in an action shall be ignorant of the names of the defendant or defendants, he may designate them in his petition and summons by such names as he supposes they possess, if in verifying his petition he shall state that he could not discover their true names.

2. **Process**: MISNOMER: QUASHING SERVICE. The fact that the defendants are designated in the summons by such supposed names, although it amounts to a misnomer, affords no ground for quashing the writ or the service thereof.

3. **Abatement**: MISNOMER. A defendant in such case may object, by a motion in the nature of a plea in abatement, to being designated by any other than his true name; and when such objection is made the court should require the pleading and process to be amended by inserting the true name of the defendant therein.

4. **Appeal**: FINAL ORDER. Where the service of summons is erroneously quashed, and the cause dismissed without prejudice for want of service, such order is a final judgment and appealable.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*C. A. Robinson* and *H. M. Sinclair,* for appellants.

*L. C. Chapman* and *M. F. Harrington, contra.*

BARNES, J.

Sarah E. Davis and others filed their petition (verified according to the provisions of section 148 of the code) in the district court for Holt county to foreclose a certain real estate mortgage, and designated the defendants therein as "Christ Jennings" and his wife, "Mrs. Christ Jennings" (first and real name unknown). The summons issued on this petition commanded the sheriff to notify Christ Jennings and Mrs. Christ Jennings (first full and real name unknown) that they had been sued

by the plaintiffs (naming them). In making service on the defendant, Christ Jennings, the sheriff delivered to him what purported to be a copy of the summons, but was not an exact copy, for the reason there was a clerical mistake in the names of some of the plaintiffs. Both defendants appeared specially for the purpose of objecting to the jurisdiction of the court. Christ's objection was based on two grounds: "First, that the copy of the summons delivered to him was not an exact copy of the summons issued in the case; second, that his true name was Christian Jennings and that he had not been sued by his true name." His wife's objection was based on the sole ground that her real name is "Louise Jennings" and that she had not been sued by that name. Affidavits in support of the special appearances, which were by motion, were filed, as well as affidavits in opposition thereto. The court sustained the special appearances. The plaintiff elected to stand on the service as made. The court thereafter quashed the service, dismissed the case without prejudice, and the plaintiff appealed.

The affidavits used at the hearing on the motions are presented by a bill of exceptions, from which it conclusively appears that the defendants are husband and wife; that the defendant designated by the name of Christ Jennings is, and for years past has been, better known by that name than by the name of Christian Jennings, which he claims is his true name, and that he owns land under a deed in which he is thus named as grantee. As to the alleged misnomer of the other defendant, she is described in the writ as the wife of her codefendant, and is designated by the name by which he is commonly known, with the title of "Mrs." prefixed; and so it may be said that this mistake in the names of the defendants amounts to a misnomer. This furnished no ground for quashing the service and dismissing the plaintiff's action. It has been held that an objection to the name by which the plaintiff designates himself can-

not be raised by an objection to the jurisdiction of the court. *Smelt v. Knapp,* 16 Neb. 530. And this rule necessarily applies with equal force where there is a mistake in the defendant's name. *Kronski v. Missouri P. R. Co.,* 77 Mo. 362; *Whitcomb v. Hooper,* 81 Fed. 946.

In many jurisdictions it is held that a mistake in the name of a plaintiff or a defendant can only be taken advantage of by a plea in abatement, and such was the holding of this court in *Smelt v. Knapp, supra;* but, as the code makes no provision for a plea in abatement, we are satisfied that the objection can be taken advantage of by a motion, which, of course, must have the same effect as such à plea. In the case at bar service was made upon the proper parties, its effect was to bring them into court, and there can be no doubt that, if they had failed to appear, judgment could have been taken against them by default, and a decree foreclosing the mortgage would have been binding upon them. They having appeared, however, by motion, and objected to the names by which they had been sued, it was the duty of the court to require the complaint and summons to be corrected or amended so as to state their true names, and such an order would have been no ground for a reversal of a judgment against them. *Kenyon v. Semon,* 43 Minn. 180; *Walgamood v. Randolph,* 22 Neb. 494. Under our practice the misnomer of parties is not a defect attended by grave consequences, for it is one that may be remedied by amendment. Indeed, it is provided by section 144 of the code that "the court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved. And whenever any proceeding taken by a party fails to conform, in any respect to the provis-

ions of this code, the court may permit the same to be made conformable thereto, by amendment."

So it seems clear that the defendants' motions to quash the service of summons should have been overruled, and the plaintiffs should have been required to amend the petition and summons so as to state the true names of the defendants as disclosed by their motions. It appears that, instead of pursuing that course, the court sustained the motions, quashed the service, and dismissed the action. That this was reversible error there can be no question. Again, the objection to the service, because of the mistake in the copy served on Christ Jennings, was without merit. The mistake was merely clerical in its nature, and did not affect a single substantial right of the defendant. It was one which calls for the application of the provisions of section 145 of the code, which provides: "The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In conclusion, it is insisted that the order quashing the service was not a final order, and was therefore not appealable. Without stopping to inquire whether an order quashing service is a final order, it is sufficient to say that the judgment of dismissal was a final judgment. It enabled the plaintiff to appeal, and thus bring the case here for a review of the whole proceeding.

For the foregoing reasons, the judgment of the district court is reversed, and the cause remanded, with directions to the trial court to permit the plaintiffs to amend the petition and process as above suggested, and thereafter to take such other and further proceedings as may be required by law.

REVERSED.