IRENE AKINS, APPELLANT, V. FLORENCE CHAMBERLAIN, APPELLEE.

82 N. W. 2d 632

Filed April 19, 1957. No. 34163.

*Eisenstatt, Seminara & Lay* and *Donald P. Lay,* for appellant.

*Wear, Boland & Mullin* and *A. Lee Bloomingdale,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The third cause of action in the amended petition, with which this appeal is concerned, states that on June 7, 1952, appellant was a passenger in an automobile driven

by her husband; that appellee negligently operated the automobile she was then driving and caused it to collide on the wrong side of the highway with the automobile of the husband of appellant; that he was thereby injured and as a result thereof lost the part of his left arm from immediately below the elbow; and that because of the injury to her husband appellant has been damaged by reason of the loss of services of her husband and loss of consortium including society and companionship which appellant would normally expect and have reason to receive by virtue of their marital relationship.

By general demurrer appellee contested the legal sufficiency of the third cause of action to state a case against her in favor of appellant. It was, on August 30, 1956, a day of the May 1956 term of the court, sustained and a judgment of dismissal without prejudice of the third cause of action was rendered. Thereafter, on October 15, 1956, a day of the October 1956 term of the court, the district court ordered that the ruling of August 30, 1956, should be and it was "amended nunc pro tunc as of August 30, 1956 as follows: Demurrer of defendant to plaintiff's 3rd cause of action in amended petition sustained and 3rd cause of action dismissed with prejudice." The notice of appeal of appellant was filed November 14, 1956.

The parties to this cause disagree as to the nature and effect of the order of the trial court sustaining the demurrer of appellee and dismissing the third cause of action without prejudice. Appellant thinks it was not a final order and would not therefore have supported an appeal to this court. Appellee believes it was a final order and was appealable.

The order of August 30, 1956, was written in the journal of the court on the date it was made. This was in the May 1956 term of the court. It provoked no attention or action until October 15, 1956, which was after the commencement of the October 1956 term of the court and more than 1 month after the entry of the order.

There was no attempt to appeal from the order of dismissal of the cause of action without prejudice. There was no written application filed seeking action nunc pro tunc by the court but on October 15, 1956, it was by the court ordered "that ruling of August 30, 1956 is amended nunc pro tunc as of August 30, 1956 as follows: Demurrer of defendant to plaintiff's 3rd cause of action in amended petition sustained and 3rd cause of action dismissed with prejudice." The only change made was a substitution of the word "with" for the word "without."

The record is convincing that the entry of the order of August 30, 1956, was strictly correct and that it truly and fully recites the precise order made in the case on that date. There is no claim made now that the court on that date intended to or did dismiss the third cause of action with prejudice. The record and the statements of appellant indicate convincingly that the journal of the court correctly records and evidences the exact order the court intended to and did make on August 30, 1956.

Appellant says it has always been her contention that there was not a valid order to appeal from "as of the date of the August 30th entry." The proceeding of October 15, 1956, was to amend the order of August 30, 1956, "so that the Appellant might have an appealable order to bring before this Court." The precise purpose of obtaining the entry of October 15, 1956, was to correct the entry of August 30, 1956, "so that there was a dismissal upon the merits of the case, which * * * would then be a proper and appealable order." It is simply the contention of appellant that where a court enters an order which it has no statutory authority to do, "then that portion of the order which the court did not have authority to make is a nullity until corrected at a subsequent date." It could hardly be made more certain that the order of August 30, 1956, was "corrected at a subsequent date" by the substitution of a new and different order from that which was made and duly re-

corded on the date of the first action of the court. There was no order made on that date which was not correctly recorded. The result was that it could not be corrected nunc pro tunc because the order was correct as it was spread upon the journal. The purpose of a nunc pro tunc order is to make the record evidence the truth and not to exhibit a misrepresentation. In North Loup River P. P. & I. Dist. v. Loup River P. P. Dist., 149 Neb. 823, 32 N. W. 2d 869, it is said: "The proper function of a nunc pro tunc order is not for the purpose of correcting some affirmative action of the court which ought to have been taken, but its true purpose is to correct the record which has been made, so that it will truly record the action really had, but which through some inadvertence or mistake has not been truly recorded." See, also, Fisher v. Minor, 159 Neb. 247, 66 N. W. 2d 557; Watson Bros. Transp. Co. v. Red Ball Transf. Co., 159 Neb. 448, 67 N. W. 2d 475.

The assertions of appellant that there was not a valid order to appeal from as of the date of the August 30, 1956, entry; that the purpose of the proceeding of October 15, 1956, was to amend the former so that there could be an appealable order to bring to this court; and that the fact that the time for appeal had elapsed before October 15, 1956, make appropriate the following from Morrill County v. Bliss, 125 Neb. 97, 249 N. W. 98, 89 A. L. R. 932: "It is obvious from the history of this case that the purpose in vacating the original decree and reentering the same decree was to extend the time for perfecting an appeal. The legislature has general power to fix the time limit for taking an appeal, and having prescribed such time, the trial court has no power to extend the time directly or indirectly." The order of October 15, 1956, did not extend the time within which to prosecute an appeal in this case. It is neither significant nor important.

The argument of appellant is that the words in the order of August 30, 1956, "and said Third Cause of

Action dismissed without prejudice" were superfluous since the court had no authority to make such a decision under the state of the record; that the demurrer assailed the third cause of action for insufficiency of statement of facts to constitute a cause of action; and that an action may be dismissed without prejudice only upon five statutory grounds and that failure of the petition to state a cause of action is not one of them. The gist of this claim is that the order of the court was effective only to sustain the demurrer and that such an order is not appealable. The conclusion is undeniable if the premise is not faulty. Koehn v. Union Fire Ins. Co., 151 Neb. 859, 39 N. W. 2d 808; Shipley v. Shipley, 154 Neb. 872, 50 N. W. 2d 103.

The statutory grounds for dismissal of an action without prejudice to a future action are: By plaintiff before final submission of the case; and by the court if the plaintiff fails to appear at the trial, for want of necessary parties, on application of some of the defendants if there are others whom the plaintiff fails to diligently prosecute, or for disobedience by plaintiff of an order concerning the proceedings in the action. In all other cases on the trial of the action a decision must be upon the merits. § 25-601, R. R. S. 1943. Appellant insists that dismissal without prejudice of the third cause of action was not directed or permitted by the statute but, on the contrary, that the mandate thereof was that any dismissal of it must be "upon the merits of the action" so that the case would be finally disposed of in that court. It is urged by appellant that this court has pointed out that if a trial court dismisses an action without prejudice upon a ground other than stated in the statute, its action in this regard is without authority. In Zittle v. Schlesinger, 46 Neb. 844, 65 N. W. 892, it is said: "Under our code a trial court has no authority to enter an involuntary nonsuit and judgment of dismissal, because the plaintiff fails by his evidence to establish his cause of action. In such case the proper

practice is to instruct the jury to return a verdict for the defendant." The opinion made reference to section 430 of the Code of Civil Procedure, which is identical with the provisions of the statute last above referred to, and stated: "By virtue of this section, in the five cases stated, a judgment of dismissal without prejudice may be entered by the court; and by the last sentence of the section such a judgment cannot be entered in other cases. * * * Where the evidence is insufficient to warrant a verdict for the plaintiff the court may, and should, instruct the jury to return a verdict for the defendant; but it has no authority without a verdict to enter a nonsuit and judgment of dismissal." That decision was approved and applied in Thompson v. Missouri Pacific Ry. Co., 51 Neb. 527, 71 N. W. 61. However, it should be observed that in each of those cases this court said that where the evidence entitled the defendant to have a verdict so directed it was error without prejudice to the plaintiff that the trial court entered a nonsuit. It is obvious, therefore, that this court did not determine that the district court was without jurisdiction to render a judgment of dismissal.

The cases discussed above have not been in this respect by express language disapproved or overruled. They have been, if not repudiated, disregarded by numerous subsequent decisions. It is said in Campbell v. Columbia Casualty Co., 125 Neb. 1, 248 N. W. 690: "Where the evidence is insufficient to sustain a verdict in favor of the plaintiff, the trial court may give a peremptory instruction in favor of defendant or excuse the jury and enter a nonsuit." See, also, Rzeszotarski v. American Smelting & Refining Co., 133 Neb. 825, 277 N. W. 334; Bauer v. Wood, 144 Neb. 14, 12 N. W. 2d 118; Kline v. Metcalfe Construction Co., 148 Neb. 357, 27 N. W. 2d 383; Hammer v. Estate of Hammer, 155 Neb. 303, 51 N. W. 2d 609; McLeod v. Andrew Murphy & Son, Inc., 155 Neb. 318, 51 N. W. 2d 620. The conclusion has more recently been expressed that a motion of a litigant to

dismiss because of insufficiency of evidence to sustain a recovery has the same purpose and is treated the same as a motion for a directed verdict in the district court and in this court on appeal. Wax v. Co-Operative Refinery Assn., 154 Neb. 42, 46 N. W. 2d 769, sustains this view: "A motion to dismiss on the ground that the evidence does not sustain a cause of action for all practical purposes is the same as a motion for directed verdict and this court has uniformly so treated it." The district court had jurisdiction to made the order that the cause of action was insufficient as a matter of law and that it should be and was dismissed without prejudice.

This court is authorized to review and take lawful action in reference to a judgment or final order of the district court for errors exhibited by the record of the case. § 25-1911, R. R. S. 1943. An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, is a final order. § 25-1902, R. R. S. 1943. Rehn v. Bingaman, 157 Neb. 467, 59 N. W. 2d 614, defines a final order in this language: "The law * * * is that an order is final for the purposes of an appeal when it determines the rights of the parties * * *." A dismissal of a cause of action is the equivalent of a discontinuance of it in the court. It is thereby sent out of court. The rights of the parties in the cause of action are determined insofar as the court rendering the order of dismissal is concerned. Temple v. Cotton Transfer Co., 126 Neb. 287, 253 N. W. 349.

Davis v. Jennings, 78 Neb. 462, 111 N. W. 128, concerned an order of the trial court which sustained special appearances of defendants that contested the jurisdiction of the court over the person of each of them and dismissed the case without prejudice. This court in deciding that it was an appealable order in the case said: "In conclusion, it is insisted that the order quashing the service was not a final order, and was therefore not appealable. Without stopping to inquire whether an order quashing service is a final order, it is suffi-

cient to say that the judgment of dismissal was a final judgment. It enabled the plaintiff to appeal, and thus bring the case here for a review of the whole proceeding." See, also, Hamsher v. Fisher, 133 Neb. 854, 277 N. W. 380.

The order of August 30, 1956, was a final order in the case. Appellant could have presented the error she now argues concerning the validity of the third cause of action stated in the amended petition by a timely appeal from that adjudication.

The notice of appeal was filed November 14, 1956, much more than 1 month after the rendition of the order of August 30, 1956, dismissing the third cause of action. This court is without jurisdiction to entertain an appeal from the district court unless notice of appeal is filed and the docket fee is deposited within 1 month of the making of the judgment, decree, or final order in the cause. This is fundamental and mandatory. § 25-1912, R. R. S. 1943; Sloan v. Gibson, 156 Neb. 625, 57 N. W. 2d 167; Powell v. Van Donselaar, 160 Neb. 21, 68 N. W. 2d 894. There has been conferred upon this court no jurisdiction of this appeal and it is without authority to consider and decide any other matter attempted to be presented.

This appeal should be and it is dismissed and the costs should be taxed to appellant.

APPEAL DISMISSED.