Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:09 PM CDT

Saint James Apartment Partners, LLC, et al.,
appellants, v. Universal Surety
Company, appellee.
___ N.W.3d ___

Filed April 25, 2024.    No. S-23-357.

1. **Jurisdiction: Appeal and Error.** The question of appellate jurisdiction is a question of law.
2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Jurisdiction: Judgments: Final Orders: Appeal and Error.** When an appellate court lacks appellate jurisdiction because neither a judgment nor a final order was rendered by the lower court, it may not reach the merits of the appeal.
4. **Jurisdiction: Final Orders: Appeal and Error.** When an appeal presents the two distinct jurisdictional issues of appellate jurisdiction and the trial court's lack of subject matter jurisdiction, the first step is to determine the existence of appellate jurisdiction by determining whether the lower court's order was final and appealable.
5. **Constitutional Law: Jurisdiction: Appeal and Error.** The Nebraska Constitution expressly provides for such appellate jurisdiction as may be provided by law.
6. **Jurisdiction: Statutes: Appeal and Error.** The requirements of a statute underlying a right to appeal are mandatory and must be complied with before the appellate court acquires jurisdiction over the subject matter of the action.
7. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
8. **Judgments: Words and Phrases.** Every direction of a court or judge, made or entered in writing and not included in a judgment, is an order.

- 420 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

9. **Actions: Words and Phrases.** An action is any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by statute and ending in a judgment. Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding.

10. \_\_\_\_: \_\_\_\_. A special proceeding occurs where the law confers a right and authorizes a special application to a court to enforce it; it includes every special statutory remedy that is not itself an action.

11. \_\_\_\_: \_\_\_\_. Special proceedings and actions are mutually exclusive categories.

12. **Actions: Records: Words and Phrases.** While a special proceeding may be connected with an action in the sense that the application for the benefit of it and the other papers and orders concerning it may be filed in the case where the record of the filings in the action is made, it is not an integral part of the action.

13. **Actions: Judgments: Words and Phrases.** None of the many steps or proceedings necessary or permitted to be taken in an action to commence it, to join issues in it, and to conduct it to a final hearing and judgment are special proceedings.

14. **Motions to Dismiss: Actions.** A motion to dismiss is merely a step or proceeding within an overall action and is not a special proceeding.

15. **Final Orders: Appeal and Error.** To be a final order under the first category of Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022), the order must dispose of the whole merits of the case and leave nothing for the court's further consideration.

16. **Judgments: Final Orders.** To be a judgment under Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2022), the order must dispose of the case by dismissing it either before a hearing is had upon the merits or after trial by rendition of judgment for the plaintiff or defendant, and leave nothing for further determination.

17. **Final Orders.** Finality serves the important purpose of promoting efficient judicial administration and preventing piecemeal litigation.

18. **Motions to Dismiss: Claim Preclusion.** A dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits, and claim preclusion bars further litigation.

19. **Motions to Dismiss: Limitations of Actions.** A dismissal without prejudice means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations.

- 421 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

20. **Actions: Complaints: Claims: Dismissal and Nonsuit.** When causes of action or theories of recovery are dismissed without prejudice, a plaintiff remains free to file another complaint raising those same claims.

21. **Actions: Words and Phrases.** A cause of action consists of the fact or facts which give one a right to judicial relief against another. A theory of recovery is not itself a cause of action.

22. **Actions: Pleadings: Words and Phrases.** Two or more claims in a complaint arising out of the same operative facts and involving the same parties constitute separate legal theories, of either liability or damages, and not separate causes of action.

23. **Dismissal and Nonsuit.** An order dismissing a complaint without prejudice, which also expressly grants leave to amend, is a nonfinal conditional order.

24. **Actions: Dismissal and Nonsuit: Final Orders: Jurisdiction: Appeal and Error.** An involuntary dismissal for a lack of a necessary party, which leaves nothing remaining for the trial court to do in the action, is a final order over which an appellate court may exercise jurisdiction.

25. **Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.

26. **Final Orders: Appeal and Error.** A substantial right is affected if an order affects the subject matter of the litigation, such as by diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.

27. ____: ____. Having a substantial effect on a substantial right depends most fundamentally on whether the right could otherwise effectively be vindicated through an appeal from the final judgment.

28. **Actions: Parties: Bonds.** Neb. Rev. Stat. § 64-109 (Reissue 2018) does not require a person suing under the official bond of a notary public to join the notary as a necessary party to the action.

29. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

30. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

31. **Statutes.** It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.

32. **Statutes: Legislature.** A determination of a statute's plain meaning presupposes that the Legislature used accepted punctuation.

- 422 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

33. **Statutes: Legislature: Intent.** While punctuation cannot control statutory interpretation or construction and cannot prevail against the manifest intent of the Legislature, it is part of a statute and should be considered to give the statute the construction intended by the drafter.

34. **Statutes.** The presence or absence of commas in a statute is a factor to be considered when interpreting a statute.

35. **Statutes: Legislature.** Where the Legislature uses commas, it seeks to create separate and independent parts.

36. **Statutes.** Commas are often used in statutes to set off expressions that provide additional but nonessential information about a noun or pronoun immediately preceding.

37. ____. A construction which restricts or removes a common-law right should not be adopted unless the plain words of the act compel it.

38. **Statutes: Legislature: Intent.** Absent a clear manifestation of legislative intent to abrogate the common law, courts interpret statutes with every intendment in favor of consistency with the common law and will not interpret statutes in derogation thereof to displace the common law further than is clearly necessary.

39. **Statutes.** A court will give effect to a statute that makes the least, rather than the most, change in the existing body of law.

Appeal from the District Court for Douglas County: Katie L. Benson, Judge. Reversed and remanded.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellants.

Shannon L. Doering and Luke F. Vavricek for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.
## INTRODUCTION
The plaintiffs filed a complaint against a surety company, alleging a notary public covered under the surety company's bond engaged in negligent conduct. The surety company filed a motion to dismiss, arguing that the plaintiffs failed to join the notary public as a necessary or indispensable party and that the complaint failed to state a claim upon which relief

- 423 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

can be granted. The district court granted the motion to dismiss without prejudice on the ground that Neb. Rev. Stat. § 64-109 (Reissue 2018) required the plaintiffs to join the notary public in the action. The plaintiffs appeal. They contend that the district court misinterpreted the statute and that the complaint was properly filed without the notary public named as a party. We hold that an involuntary dismissal for a lack of a necessary party, which leaves nothing remaining for the trial court to do, is a final order over which this court may exercise jurisdiction. And the district court erred in its interpretation of § 64-109 as requiring joinder of the notary as a necessary party. We reverse, and remand for further proceedings consistent with this opinion.

## BACKGROUND

### COMPLAINT

In July 2022, Saint James Apartment Partners, LLC (Saint James); Central States Development, LLC (Central States); and John C. Foley (collectively the Grantees) filed a civil action against Universal Surety Company (Universal) in the district court for Douglas County, seeking damages for certain conduct by notary public Patrick M. Flood. The Grantees did not join Flood as a party to the action.

The complaint alleged that Universal had issued a bond covering Flood in his capacity as a notary public and that Flood had notarized separate deeds upon which Saint James and Central States were grantees. According to the complaint, a deed was delivered at closing by The Catholic Archbishop of Omaha to Central States. Allegedly, corporate resolutions authorized the transfer of property to Central States only, and Flood had notarized each of the deeds upon which Saint James and Central States were identified as grantees. Thereafter, Flood directed an employee of TitleCore National, LLC, to substitute a page in the previously executed and notarized deed. TitleCore National then filed the altered instrument contrary to the corporate resolutions.

- 424 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

The Grantees asserted that Flood's conduct "materially changed and altered the instrument" and "was contrary to applicable statute." The Grantees alleged that Flood breached his statutory duties as a notary public and that Universal, as surety, was liable for Flood's negligence, errors, and omissions.

Motion to Dismiss and
District Court Order

In January 2023, Universal filed a motion to dismiss. After a hearing, the parties filed briefs and the district court issued an order granting Universal's motion to dismiss without prejudice. While the parties' briefs on Universal's motion are not in our record, the district court considered in its order (1) whether Flood was a necessary party to the Grantees' action and (2) whether the complaint failed to state a claim upon which relief can be granted.

The court first determined that Flood, as the principal on the bond, was not a necessary or indispensable party under Neb. Rev. Stat. § 25-323 (Reissue 2016), Nebraska's joinder statute. Quoting *Kroncke v. Madsen*,[1] it reasoned that "'[t]he surety and principal may be joined as defendants in one suit, or the surety may be sued alone, without any effort having been made to recover the debt from the principal.'"

However, the court concluded that the Grantees were required to join Flood as a party to the action under § 64-109, i.e., that he was a necessary party to bring an action under that statute. Relying on the statute's plain language, the court explained that "in order to pursue recovery on Flood's official bond . . . both the notary public and his surety must be joined." It explained that this interpretation of § 64-109 is supported by our reasoning in *Trausch v. Hagemeier*,[2] wherein we said that an action against a notary public only—after the surety was dismissed from the proceedings by operation of

---

[1] *Kroncke v. Madsen*, 56 Neb. 609, 613, 77 N.W. 202, 204 (1898).

[2] *Trausch v. Hagemeier*, 313 Neb. 538, 985 N.W.2d 402 (2023).

law—is not a maintainable action on a bond under § 64-109. The court did not address whether Flood was acting in his official capacity as a notary public at the time of the alleged misconduct. The court granted Universal's motion and dismissed the complaint without prejudice.

The Grantees appeal.

## ASSIGNMENTS OF ERROR

The Grantees assign, restated, that the district court erred by granting Universal's motion to dismiss and by concluding that the Grantees' complaint failed to properly state a claim due to their failure to join Flood as a party to the action.

## STANDARD OF REVIEW

[1] The question of appellate jurisdiction is a question of law.[3]

## ANALYSIS

### Appellate Jurisdiction

[2-4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4] When an appellate court lacks appellate jurisdiction because neither a judgment nor a final order was rendered by the lower court, it may not reach the merits of the appeal.[5] When an appeal presents the two distinct jurisdictional issues of appellate jurisdiction and the trial court's lack of subject matter jurisdiction, the first step is to determine the existence of appellate jurisdiction by determining whether the lower court's order was final and appealable.[6]

---

[3] See *TDP Phase One v. The Club at the Yard*, 307 Neb. 795, 950 N.W.2d 640 (2020).

[4] *Mathiesen v. Kellogg*, 315 Neb. 840, 1 N.W.3d 888 (2024).

[5] See, e.g., *Jennifer T. v. Lindsay P.*, 298 Neb. 800, 906 N.W.2d 49 (2018); *Goeser v. Allen*, 14 Neb. App. 656, 714 N.W.2d 449 (2006).

[6] *Webb v. Nebraska Dept. of Health & Human Servs.*, 301 Neb. 810, 920 N.W.2d 268 (2018).

- 426 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
Saint James Apt. Partners v. Universal Surety Co.
Cite as 316 Neb. 419

[5,6] The Nebraska Constitution expressly provides for "such appellate jurisdiction as may be provided by law."[7] The requirements of a statute underlying a right to appeal are mandatory and must be complied with before the appellate court acquires jurisdiction over the subject matter of the action.[8]

[7,8] Pursuant to Neb. Rev. Stat. § 25-1911 (Reissue 2016), "[a] judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record." Thus, for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.[9] Neb. Rev. Stat. § 25-1301(1) (Cum. Supp. 2022) defines a "judgment" as "the final determination of the rights of the parties in an action." Every direction of a court or judge, made or entered in writing and not included in a judgment, is an order.[10]

A "final order" is defined by Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022) as (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; (3) an order affecting a substantial right made on summary application in an action after a judgment is entered; and (4) an order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official.

[9] An action is any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong

---

[7] Neb. Const. art. V, § 2.

[8] *Mathiesen v. Kellogg, supra* note 4.

[9] *Paxton v. Paxton*, 314 Neb. 197, 989 N.W.2d 420 (2023).

[10] *Id*.

- 427 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

involving and requiring the pleadings, process, and procedure provided by statute and ending in a judgment.[11] Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding.[12]

[10-13] A special proceeding occurs where the law confers a right and authorizes a special application to a court to enforce it; it includes every special statutory remedy that is not itself an action.[13] For purposes of § 25-1902, special proceedings and actions are mutually exclusive categories.[14] While a special proceeding may be connected with an action in the sense that the application for the benefit of it and the other papers and orders concerning it may be filed in the case where the record of the filings in the action is made, it is not an integral part of the action.[15] None of the many steps or proceedings necessary or permitted to be taken in an action to commence it, to join issues in it, and to conduct it to a final hearing and judgment are special proceedings.[16]

[14] A proceeding brought pursuant to § 64-109 is, as stated therein, a "civil action." Such action is governed by the uniform procedural rules found in chapter 25 of the Nebraska Revised Statutes. It is a proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the statute and ending in a final judgment. And we have held that a motion to dismiss is merely a

---

[11] *Schreiber Bros. Hog Co. v. Schreiber*, 312 Neb. 707, 980 N.W.2d 890 (2022).

[12] *Id.*

[13] See *id.*

[14] See *Tegra Corp. v. Boeshart*, 311 Neb. 783, 976 N.W.2d 165 (2022).

[15] *Id.*

[16] *Id.*

- 428 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

step or proceeding within an overall action and is not a special proceeding.[17]

Thus, to be immediately appealable, the court's order dismissing the action brought pursuant to § 64-109 must qualify either as a judgment as defined by § 25-1301(1) or as an order following a proceeding that is a step in the overall action that affects a substantial right and, in effect, determines the action and prevents a judgment, as described in § 25-1902(1).

[15-17] We have said that to be a final order under the first category of § 25-1902, the order must dispose of the whole merits of the case and leave nothing for the court's further consideration.[18] To be a judgment under § 25-1301, the order must dispose of the case by dismissing it either before a hearing is had upon the merits or after trial by rendition of judgment for the plaintiff or defendant, and leave nothing for further determination.[19] Finality is central to our inquiry and serves "the important purpose of promoting efficient judicial administration"[20] and preventing "piecemeal litigation."[21]

The court's power to dismiss without prejudice is outlined in Neb. Rev. Stat. § 25-601 (Reissue 2016). It provides:

An action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court; (2) by the court where the plaintiff fails to appear at the trial; (3) by the court for want of necessary parties; (4) by the court on the application of some of the defendants where there are others whom the

---

[17] See *StoreVisions v. Omaha Tribe of Neb.*, 281 Neb. 238, 795 N.W.2d 271 (2011), *overruled on other grounds, E.D. v. Bellevue Pub. Sch. Dist.*, 299 Neb. 621, 909 N.W.2d 652 (2018).

[18] *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

[19] See, *Mathiesen v. Kellogg, supra* note 4; *Paxton v. Paxton, supra* note 9.

[20] *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981).

[21] *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 855, 678 N.W.2d 726, 732 (2004).

- 429 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

plaintiff fails to diligently prosecute; (5) by the court for disobedience by the plaintiff of an order concerning the proceedings in the action. In all other cases on the trial of the action the decision must be upon the merits.[22]

[18-20] A dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits, and claim preclusion bars further litigation.[23] In comparison, a dismissal without prejudice usually means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations.[24] When causes of action or theories of recovery are dismissed without prejudice, a plaintiff remains free to file another complaint raising those same claims.[25]

[21,22] A cause of action consists of the fact or facts which give one a right to judicial relief against another.[26] A theory of recovery is not itself a cause of action. Thus, two or more claims in a complaint arising out of the same operative facts and involving the same parties constitute separate legal theories, of either liability or damages, and not separate causes of action.[27]

In sum, the proceedings brought before the court by one party against another and filed under a particular case number come to an end when dismissed without prejudice; but if the statute of limitations permits, the plaintiff can file the same causes of action and theories of recovery again under another case number. The dismissal is, as described by § 25-601, "without prejudice to a future action."

[23] We have said that an order dismissing a complaint without prejudice, which also expressly grants leave to

---

[22] § 25-601.

[23] *Eadie v. Leise Properties*, 300 Neb. 141, 912 N.W.2d 715 (2018).

[24] See *id.*

[25] *Smith v. Lincoln Meadows Homeowners Assn., supra* note 21.

[26] *Ryan v. Streck, Inc.*, 309 Neb. 98, 958 N.W.2d 703 (2021).

[27] *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012).

- 430 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

amend, is a nonfinal conditional order.[28] However, the district court in its order in this case did not grant leave to amend. The court presumably believed amendment could not cure the defect, because there was no cause of action without the joinder of the notary. The question presented is whether a trial court's order involuntarily dismissing, pursuant to § 25-601, the entirety of the action "without prejudice," for want of a necessary party under § 25-601(3), is a "final determination of the rights of the parties in an action" under § 25-1301(1) or an order "affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment" under § 25-1902(1)(a).

We have expressly held in several cases that certain orders of dismissal without prejudice are final for purposes of appellate jurisdiction.[29] Most apposite to the case at bar, in *Carlson v. Allianz Versicherungs-AG*,[30] we held that a prior order of summary judgment against the plaintiffs due to a lack of a necessary party was in fact an order dismissing the action without prejudice and was a "final order[]" under § 25-1902.

We cited to *Taylor Oil Co. v. Retikis*,[31] wherein we discussed that the absence of a necessary party prevents the court from making a final determination concerning the controversy without affecting such party's interest, and we also cited to case law for the proposition that when a necessary party has not been impleaded, the trial court should dismiss the action

---

[28] *Nichols v. Nichols*, 288 Neb. 339, 847 N.W.2d 307 (2014). See, also, *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992).

[29] See, *State v. Harris*, 292 Neb. 186, 871 N.W.2d 762 (2015); *Carlson v. Allianz Versicherungs-AG*, 287 Neb. 628, 844 N.W.2d 264 (2014); *Blankenship v. Omaha P. P. Dist.*, 195 Neb. 170, 237 N.W.2d 86 (1976); *Akins v. Chamberlain*, 164 Neb. 428, 82 N.W.2d 632 (1957); *Davis v. Jennings*, 78 Neb. 462, 111 N.W. 128 (1907).

[30] *Carlson v. Allianz Versicherungs-AG, supra* note 29. See, also, *Blankenship v. Omaha P. P. Dist., supra* note 29 (dismissal without prejudice after summary judgment on plaintiff's ability to represent class was final order).

[31] *Taylor Oil Co. v. Retikis*, 254 Neb. 275, 575 N.W.2d 870 (1998).

- 431 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

without prejudice rather than with prejudice.[32] We explained the district court had determined that the absent party was necessary to the action and had implicitly determined that the plaintiffs were not going to ask to bring the absent party into the action or that they could not do so.[33] "This was a final order."[34] We then held that because the plaintiffs did not file their complaint to vacate within the calendar year of the final order or within 6 months after entry of the judgment, the court lacked the power to vacate it. Also, the court lacked the power under its equity jurisdiction to vacate the judgment, because the plaintiffs had the adequate remedy at law of appealing the order dismissing the action without prejudice.

Similarly, in *Davis v. Jennings*,[35] we specifically rejected the appellee's argument that we lacked appellate jurisdiction over an appeal from the dismissal of an action without prejudice for lack of personal jurisdiction. We said, "[I]t is sufficient to say that the judgment of dismissal was a final judgment. It enabled the plaintiff to appeal, and thus bring the case here for a review of the whole proceeding."[36]

We later relied on *Davis* in *Akins v. Chamberlain*[37] to hold that an order dismissing without prejudice one of several causes of action for insufficiency of the statement of facts to constitute a cause of action was final because it affected a substantial right and prevented a judgment. This was before the passage, in 2000, of Neb. Rev. Stat. § 25-1315 (Reissue 2016), which now provides that a final order as to fewer

---

[32] See, *Carlson v. Allianz Versicherungs-AG, supra* note 29; *Taylor Oil Co. v. Retikis, supra* note 31. See, also, e.g., *Local Union v. Western Public Service Co.*, 140 Neb. 186, 299 N.W. 531 (1941).

[33] *Carlson v. Allianz Versicherungs-AG, supra* note 29.

[34] *Id*. at 638, 844 N.W.2d at 272.

[35] *Davis v. Jennings, supra* note 29.

[36] *Id*. at 465, 111 N.W. at 129.

[37] *Akins v. Chamberlain, supra* note 29.

- 432 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

than all the claims or fewer than all the parties shall not be immediately appealable unless the court expressly directs the entry of a final order and determines there is no just reason for delay.

However, we note that in *Deines v. Essex Corp.*,[38] we said that an order dismissing a case without prejudice for want of prosecution was not final. We held that we lacked appellate jurisdiction over an appeal from an order of reinstatement after a prior order dismissed the case without prejudice due to want of prosecution.[39] We explained that neither the order of reinstatement, nor the prior order dismissing the case without prejudice for want of prosecution, was a judgment under § 29-1301, because they did not address or decide the merits of the action and made no final determination of the parties' rights.[40] The order of reinstatement merely returned the case to the court's active docket for eventual resolution on the merits, and "[t]he order of dismissal was without prejudice to a future action, so it had no impact on the merits of the action."[41] Although the court's earlier dismissal "effectively ended the case, it did so without finally determining the rights of the parties, and was not a judgment."[42] We did not address whether the order was final under § 25-1902.

Cases in federal court that have been dismissed without prejudice and deemed appealable often involve matters of jurisdiction, venue, or failure to join a party, which, by court rule, must be dismissed without prejudice. According to secondary authority, "[t]he reason for permitting appeal is clear from this brief list—review of an erroneous dismissal can protect the plaintiff's right to proceed in the court, and with

---

[38] *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016).

[39] See *id.*

[40] *Id.*

[41] *Id.* at 580, 879 N.W.2d at 33.

[42] *Id.*

- 433 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

the alignment of parties, first chosen."[43] Another authority makes this same observation, stating that any rule that states dismissals without prejudice do not result in a final decision is "not entirely accurate":[44]

> Lots of dismissals without prejudice produce a final decision. Consider jurisdictional dismissals. The dismissal is necessarily without prejudice, as the district court lacks jurisdiction to do anything else with the case. And no one questions that a dismissal for lack of jurisdiction is final and thus appealable. The same goes for dismissals due to improper venue or for failure to join a party under Rule 19.[45]

In the majority of state courts, an order involuntarily dismissing an action without prejudice is a final, appealable judgment unless the order also grants additional time in which to file an amended complaint,[46] but not every state has such a blanket rule regarding the underlying appealability of dismissals without prejudice.[47] Whatever the jurisdiction's default position on dismissals without prejudice, however, state courts appear to agree that an involuntary dismissal of a case without prejudice and without leave to amend is final when based on the court's decision that it lacks a necessary party to the action or on similar grounds of jurisdiction or venue.

Thus, in *Damico v. Royal Ins. Co.*,[48] the court explained that despite being "without prejudice," the order of dismissal

---

[43] 15A Charles Alan Wright et al., Federal Practice and Procedure § 3914.6 at 557 (2022).

[44] Bryan Lammon, *Disarming the Finality Trap*, 97 N.Y.U. L. Rev. Online 173, 179 (2022).

[45] *Id*. at 179-80.

[46] See 4 Am. Jur. 2d *Appellate Review* § 157 (2018).

[47] See, e.g., *State ex rel. State of Ill. v. Jones*, 920 S.W.2d 116 (Mo. App. 1996).

[48] *Damico v. Royal Ins. Co.*, 383 Pa. Super. 239, 241, 556 A.2d 886, 887 (1989). See, also, e.g., *Morton v. Fuller*, 264 Ga. App. 799, 592 S.E.2d 460 (2003).

- 434 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

was final because it was meant to bind the appellant from bringing another action solely against the defendant and without joining the party the lower court believed to be indispensable under the statute governing the action. Similarly, in *Cooper v. Bikle*,[49] the appellate court said that the lower court's dismissal without prejudice of the plaintiff's action for failure to join a necessary party defendant was a final, appealable judgment because there were no other pending claims and the plaintiff "was put out of court" regardless of whether the dismissal was with or without prejudice.

In *State ex rel. State of Ill. v. Jones*,[50] despite generally holding that dismissals without prejudice are not final, the Missouri Court of Appeals held it had appellate jurisdiction over the lower court's dismissal of the action without prejudice for failure to join a minor child as required by statute for an action for child support. The appellate court explained the dismissal without prejudice on those grounds was a final judgment because it effectively prevented the plaintiff from refiling the action in its original form or challenging the trial court's interpretation of the statute. Later, the Missouri Court of Appeals elaborated that an appeal can be taken from dismissal without prejudice "where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum."[51]

Similarly, in *Conrad v. Wilkinson*,[52] the court held that while a dismissal without prejudice is ordinarily not appealable, it "'may be final and appealable if the plaintiff cannot cure the defect that led to dismissal, or if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum.'" Thus, the appellate court had jurisdiction to

---

[49] *Cooper v. Bikle*, 334 Md. 608, 615, 640 A.2d 1120, 1123 (1994).

[50] *State ex rel. State of Ill. v. Jones, supra* note 47.

[51] *City of Chesterfield v. DeShetler Homes*, 938 S.W.2d 671, 673 (Mo. App. 1997).

[52] *Conrad v. Wilkinson*, 901 N.W.2d 348, 350 (N.D. 2017).

- 435 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

decide the merits of the lower court's dismissal of the plaintiff's application for lis pendens on the ground that it was allegedly filed in the wrong court. This was because the order effectively precluded the plaintiff from relief in the court of her choosing.

[24] The decision by our court in *Carlson v. Allianz Versicherungs-AG* is in line with other jurisdictions and is controlling.[53] An involuntary dismissal for a lack of a necessary party, which leaves nothing remaining for the trial court to do in the action, is a final order over which an appellate court may exercise jurisdiction. As explained in *Akins v. Chamberlain*, such an order affects a substantial right and prevents a judgment.[54]

[25-27] A substantial right is an essential legal right, not a mere technical right.[55] A substantial right is affected if an order affects the subject matter of the litigation, such as by diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.[56] Having a substantial effect on a substantial right depends most fundamentally on whether the right could otherwise effectively be vindicated through an appeal from the final judgment.[57]

If a plaintiff is not permitted to appeal orders of involuntary dismissal declaring as a matter of law that an absent party is necessary to the action, which dismissal must ordinarily be "without prejudice," the plaintiff's only recourse will be to refile with the necessary party (assuming that is possible), and there will never be a means to challenge the trial court's legal determination that the party was necessary to the action. The dismissal without prejudice for lack of a necessary party has the practical effect of terminating the

---

[53] *Carlson v. Allianz Versicherungs-AG, supra* note 29.

[54] *Akins v. Chamberlain, supra* note 29.

[55] *In re Guardianship of Sophia M.*, 271 Neb. 133, 710 N.W.2d 312 (2006).

[56] *Tegra Corp. v. Boeshart, supra* note 14.

[57] *In re Adoption of Madysen S. et al.*, 293 Neb. 646, 879 N.W.2d 34 (2016).

- 436 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

litigation in the form cast and preventing the plaintiff from challenging the trial court's interpretation of the statute. This is distinguishable from the dismissal without prejudice for lack of prosecution addressed in *Deines*.[58]

On its face, the court's order put the Grantees out of court, and there was nothing left for the court to do. Because it granted dismissal without prejudice and did not retain jurisdiction for leave to amend, the order prevented a judgment in the sense that it prevented a final determination of the rights of the parties. It in effect determined the action as brought, preventing the Grantees from refiling their action in its original form.

The court's determination that the notary must be joined in any action brought pursuant to § 64-109 affected the Grantees' substantial right to bring the action in their chosen form and forum as described by law. If the court's order is not considered final, the Grantees will not be able to effectively vindicate their alleged right to bring the action under § 64-109 against the surety without joining the notary. The court's order involuntarily dismissing, for lack of a necessary party, the entirety of the Grantees' action without prejudice and without granting leave to amend, is a final order pursuant to § 25-1902(1)(a) over which we have appellate jurisdiction.

### Whether Notary Is Necessary
### Party Under § 64-109

[28] We turn now to the underlying merits of this appeal. The question is whether the trial court was correct in determining that § 64-109 requires a person suing under the official bond of a notary public to join the notary public and the surety in the same action. Section 64-109 states:

> If any person shall be damaged or injured by the unlawful act, negligence or misconduct of any notary public in his official capacity, the person damaged or injured may maintain a civil action on the official bond

---

[58] *Deines v. Essex Corp., supra* note 38.

- 437 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

of such notary public against such notary public, and his sureties, and a recovery in such action shall not be a bar to any future action for other causes to the full amount of the bond.

We hold that § 64-109 does not require a person suing under the official bond of a notary public to join the notary as a necessary party to the action.

[29-31] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[59] In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[60] It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.[61]

[32-36] Additionally, a determination of a statute's plain meaning presupposes that the Legislature used accepted punctuation.[62] While punctuation cannot control statutory interpretation or construction and cannot prevail against the manifest intent of the Legislature, it is part of a statute and should be considered to give the statute the construction intended by the drafter.[63] As such, the presence or absence of commas in a statute is a factor to be considered when interpreting a statute.[64] Where the Legislature uses commas, it seeks to create separate and independent parts.[65] Commas are often used

---

[59] *State ex rel. BH Media Group v. Frakes*, 305 Neb. 780, 943 N.W.2d 231 (2020).

[60] *Id*.

[61] *Id*.

[62] See 82 C.J.S. *Statutes* § 413 (2022).

[63] See *id*.

[64] See *id*.

[65] See *id*.

- 438 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

in statutes to set off expressions that provide additional but nonessential information about a noun or pronoun immediately preceding.[66] Such expressions serve to further identify or explain the word they refer to.[67]

Section 64-109 provides that any person injured by negligent or unlawful conduct of a notary public "may maintain a civil action on the official bond of such notary public against such notary public, and his sureties, . . . ." The commas in this language separate the phrase "and his sureties" from the remaining language in the statute and make the phrase independent. This suggests the Legislature did not contemplate requiring a person bringing a claim under § 64-109 to group the notary public and the surety together in the same action.

The statutory language indicates that a person may elect to bring an action on the official bond of a notary public by suing the notary public and that a person may elect to bring an action on the official bond of a notary public by suing the surety that issued the bond. The plain language of the statute does not suggest the injured party must sue the notary public and the surety at the same time; nor does it impose any requirements mandating joinder of the two. Rather, it specifies only that an action may be brought against the notary public and against the notary public's sureties.

Nothing in § 64-109 prohibits an injured person from joining the notary public and his or her sureties in the same action, but the separation of the language "and his sureties" from the language authorizing a suit against the notary public disconnects the notary public from the notary public's sureties in the statute. The plain language of § 64-109 does not require a person bringing a claim under the official bond of the notary public to sue the notary public and the surety together.

[37-39] Even if we were to find the language of § 64-109 to be ambiguous, we would reach the same conclusion. A

---

[66] See *id.*

[67] See *id.*

- 439 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
316 NEBRASKA REPORTS
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

construction which restricts or removes a common-law right should not be adopted unless the plain words of the act compel it.[68] Absent a clear manifestation of legislative intent to abrogate the common law, courts interpret statutes with every intendment in favor of consistency with the common law and will not interpret statutes in derogation thereof to displace the common law further than is clearly necessary.[69] A court will give effect to the statute that makes the least, rather than the most, change in the existing body of law.[70]

Common law provided a right to pursue recovery against a surety independently before seeking recovery from the principal, and § 64-109 does not reflect a clear manifestation of anything different. Under common law, we have held that mere forbearance to sue a principal will not discharge a surety.[71] This is because, under principles of suretyship law, the plaintiff must do some act that releases the principal or suspends the right to proceed against him or her, and a mere failure to proceed with the present power of doing so does not operate as a discharge.[72] Relatedly, we have also recognized that the creditor or injured party is not required to proceed first against the principal before recovering from the surety.[73] Instead, the surety and principal may be joined as defendants in one suit, or the surety may be sued alone, without any effort having been made to recover the debt from the principal.[74] This rule also applies in the context of claims asserted against a notary public and his or her sureties.[75]

---

[68] See *Bishop v. Bockoven, Inc.*, 199 Neb. 613, 260 N.W.2d 488 (1977).

[69] 82 C.J.S., *supra* note 62, § 516.

[70] *Id.*

[71] *Eickhoff v. Eikenbary*, 52 Neb. 332, 72 N.W. 308 (1897).

[72] *Id.*

[73] See *Kroncke v. Madsen, supra* note 1.

[74] See, *id.*; *Doran v. Butler*, 74 Mich. 643, 42 N.W. 273 (1889).

[75] See *Kroncke v. Madsen, supra* note 1.

- 440 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

The district court's reliance on *Trausch v. Hagemeier* is misplaced.[76] There, we applied a 4-year statute of limitations to certain claims of negligence asserted against a notary public, because a cause of action against a notary public only was not an action on a bond under § 64-109. The plaintiffs filed a complaint asserting negligence claims against a notary public and her surety for falsely witnessing the execution of certain documents. While the plaintiffs named the surety as a defendant with the notary public, they failed to serve the surety with the complaint. Having reasoned the surety was dismissed from the suit by operation of law, we held the plaintiffs' claims against the notary public alone are "not an action against a notary and her surety and cannot be an action on a bond under § 64-109."[77] For that reason, we characterized the plaintiffs' claims as ones arising in negligence and concluded a 4-year statute of limitations applied.[78] We also clarified that because the surety was ultimately dismissed from the lawsuit, the proceedings did not affect the rights, if any, of the plaintiffs against the surety.[79]

Nowhere in *Hagemeier* did this court engage in an interpretive analysis of the plain language of § 64-109. Nor did we quote the plain language of the statute or clearly identify the statute's requirements in the opinion. Furthermore, our statements in *Hagemeier* appeared to leave open the possibility of the plaintiffs' eventually bringing a separate claim against the surety independently from the notary public. After the surety was dismissed from the lawsuit, we said the matter "was not an action on an official bond *and the proceedings did not affect the rights, if any, of the* [*plaintiffs*] *against* [*the surety*]."[80] In short, *Hagemeier* is distinguishable from the

---

[76] *Trausch v. Hagemeier, supra* note 2.

[77] *Id.* at 547-48, 985 N.W.2d at 412.

[78] *Trausch v. Hagemeier, supra* note 2.

[79] *Id*.

[80] *Id.* at 553, 985 N.W.2d at 415 (emphasis supplied).

- 441 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

case at bar and we did not hold therein that a person suing under the official bond of a notary public must join the notary public and the surety in the same lawsuit in order to vindicate rights set forth in § 64-109.

### Alternative Grounds Presented but Not Passed Upon

Universal asks that we affirm the dismissal of the action on the alternative ground, not reached below, that the Grantees failed to state a claim because Flood's alleged breach of statutory duties, negligence, errors, and omissions occurred after completing the notarial act of signing the deeds. This presents the novel question of whether alteration or amendment of certain documents previously executed implicates the notary public in an official capacity.[81] The appellate court has the discretion to affirm, as it deems appropriate, a correct result that was reached below for the wrong reason.[82] However, remanding to the district court to consider issues it did not consider previously is especially appropriate when, even if the court finds the plaintiffs' claims to be faulty, it is within the lower court's discretion to allow the plaintiffs to amend their pleadings.[83] In our discretion, we find it better to have the district court rule on this alternative argument in the first instance and express no view on the merits of the alternative argument at this time.

---

[81] See *Garton v. Title Ins. and Trust Co.*, 106 Cal. App. 3d 365, 165 Cal. Rptr. 449 (1980).

[82] See *In re Interest of Jordan B.*, 300 Neb. 355, 913 N.W.2d 477 (2018). See, also, e.g., *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021); *Loftness Specialized Farm Equipment v. Twiestmeyer*, 742 F.3d 845 (8th Cir. 2014); Jeffrey M. Anderson, *Right for Any Reason*, 44 Cardozo L. Rev. 1015 (2023).

[83] *Dodson v. Hillcrest Securities*, Nos. 92-2353, 92-2381, 1996 WL 459770 (5th Cir. July 24, 1996) (unpublished disposition listed in table of "Decisions Without Published Opinions" at 95 F.3d 52 (5th Cir. 1996)).

- 442 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
SAINT JAMES APT. PARTNERS v. UNIVERSAL SURETY CO.
Cite as 316 Neb. 419

## CONCLUSION

The district court erred in concluding that § 64-109 requires joining the notary public and the surety in the same action. We decline Universal's invitation to affirm the dismissal on alternative grounds not addressed by the lower court. We reverse the district court's decision granting Universal's motion to dismiss and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.